**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steve MARTINI, Defendant–Appellant.**

**No. 93–50264.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1994.

Decided July 22, 1994.

Anthony Phillip Brooklier, Beverly Hills, CA, for defendant-appellant.

Brad M. Sonnenberg, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.

PER CURIAM:

Steve Martini went to trial instead of accepting a plea agreement that would have resulted in a 70–month minimum sentence. He was convicted of two drug-related crimes and sentenced to ten years in prison. He now appeals his conviction, claiming he received ineffective assistance of counsel from a lawyer who advised him to reject the plea offer.

Martini received conflicting advice about the plea offer. The lawyer he had originally retained to represent him advised him to accept the plea. But Martini was dissatisfied with this advice and got a second opinion. Shortly before the plea offer was to expire, he approached a second lawyer—a lawyer who was not representing him in the case and who was completely unfamiliar with the facts and legal issues involved—and asked for an opinion about the plea offer. He told the lawyer that the government's case was weak, and that his codefendant would testify on his behalf at trial. SER 24–25. Based on this information and a review of the discovery in the case, this second lawyer suggested the case might be "triable." [1] *Id.* at 25. Martini claims this second lawyer's advice constitutes ineffective assistance of counsel. [2]

For a lawyer's advice to constitute ineffective assistance of counsel, it must come from a lawyer who is representing the criminal defendant or otherwise appearing on the defendant's behalf in the case. *See Stoia v. United States,* 22 F.3d 766, 768 (7th Cir.1994) ("[A] defendant's constitutional right to effective assistance of counsel does not extend to those cases where a nonappearing attorney ... gives a defendant legal advice even though he has not been retained by the defendant to help prepare his defense...."). Here, the allegedly incompetent advice came from a lawyer who had no previous connection to the case and who was not representing Martini in his defense. Martini had retained counsel capable of "requir[ing] the prosecution's case to survive the crucible of meaningful adversarial testing," *United States v. Cronic,* 466 U.S. 648, 656, 104 S.Ct. 2039, 2045, 80 L.Ed.2d 657 (1984), and he had not entrusted the second lawyer with the task of conducting his defense. The Sixth Amendment right to effective assistance of counsel guaranteed under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), does not include the right to receive good advice from every lawyer a criminal defendant consults about his case. Instead, it comprises only the right to the effective assistance of the counsel guaranteed by the Sixth Amendment—that is, the counsel who represents the criminal defendant and helps to prepare his defense. *See id.* at 687, 104 S.Ct. at 2064 (describing the inquiry as whether counsel was "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). If a criminal defendant in fact receives effective assistance of counsel from the lawyer he has retained to meet the prosecution's case, he cannot later claim that he received ineffective assistance

---

1. Trials are difficult to predict, and advising a criminal defendant whether to accept or reject a plea offer can be a tricky proposition. Based on what the second lawyer had been told, his advice may not have been unreasonable. To support a claim of ineffective assistance of counsel under *Strickland,* the advice would have to fall outside a "wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). As we dispose of Martini's appeal on other grounds, we do not reach this issue.

2. At oral argument, Martini's lawyer suggested Martini might also have a claim for ineffective assistance of counsel based on his trial counsel's failure to reopen plea negotiations before trial. Martini did not raise this claim below, or in his briefs to this court. We therefore decline to reach the issue. *See In re Riverside–Linden Inv. Co.,* 945 F.2d 320, 325 (9th Cir.1991) ("By failing to raise the issue in its opening brief, [appellant] did not permit the issue to be 'fully explored,' and we consider the issue waived.") (quoting *Ellingson v. Burlington N., Inc.,* 653 F.2d 1327, 1332 (9th Cir.1981)).

of counsel from another lawyer he chose to consult.

Without showing the advice he received from the second lawyer was advice of *counsel* within the meaning of *Strickland,* Martini cannot establish that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. Accordingly, Martini has failed to establish the deficient performance requirement for a claim of ineffective assistance of counsel under *Strickland.*

**AFFIRMED.**