74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George SANTOSUOSSO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3146.
 United States Court of Appeals, Sixth Circuit.
 Jan. 16, 1996.
 
 Before: BROWN, BOGGS, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Santosuosso appeals from the district court's denial of his petition under 28 U.S.C. Sec. 2255, in which he sought to vacate his 21-month sentence for perjury on the grounds that he suffered from ineffective assistance of counsel. Because Santosuosso's allegedly erroneous advice did not come from his counsel, and in any event was related to a tactical judgment, we affirm the decision of the district court.
 
 
 2
 * The underlying perjury conviction stems from Mr. Santosuosso's involvement in a high-stakes organized gambling ring. Mr. Santosuosso testified before a federal grand jury in February 1988 concerning the gambling operation of "Lucky" Taylor. In the days following his testimony, it became apparent that Mr. Santosuosso perjured himself. A plea bargain was arranged in which he agreed to cooperate with the Taylor investigation and to plead guilty to only one count of perjury in return for a sentence of three months in prison.
 
 
 3
 Mr. Santosuosso breached this agreement in a matter of weeks by refusing to offer the testimony he had promised. This led to his October 1990 indictment on four counts of perjury and one count of participating in an illegal gambling business. However, Santosuosso was again spared the burden and risk of a trial by virtue of another plea agreement that was substantially similar to the first agreement. Santosuosso pled guilty to participating in an illegal gambling business on December 11, 1988, again in return for a three-month sentence. Santosuosso changed counsel several times during his travels through the criminal justice system, and was represented at this point by Thomas Longo.
 
 
 4
 Longo arranged for this second plea agreement, and advised Santosuosso to accept it. Santosuosso has stated that both Longo and attorney Richard Damiani (who represented Santosuosso's brother in a related matter and agreed to be co-counsel in this matter) advised him to enter the plea, based on a high likelihood of conviction at trial, and a likely sentence of at least 18 months. Santosuosso concedes that this advice was sound, implying that Longo provided effective assistance between December 11, 1990 and mid-January 1991. However, at about the time the plea bargain was arranged and Santosuosso agreed to accept it, Santosuosso began to receive advice from other lawyers, not then his attorneys of record, which he now argues was "ineffective."
 
 
 5
 The other attorneys in question are William Novak and Frank Celebrezze, and their advice was indeed "ineffective," in the general sense that it cost Santosuosso the benefit of the plea bargain arranged by Longo. Santosuosso entered the second plea arrangement on December 11, 1990, and later that day met with Novak and Celebrezze. Novak and Celebrezze convinced Santosuosso to change his mind again, reject the plea arrangement and Longo's services, and hire them as Santosuosso's attorney of record. Santosuosso's affidavit in support of his motion to withdraw his plea, page 4, explains that "on January 4, 1991, I retained the services of Frank D. Celebrezze and William J. Novak to represent me in the rest of these proceedings." Novak and Celebrezze filed the notice that they were Santosuosso's attorneys of record on January 14, 1991.
 
 
 6
 On this same day, Santosuosso, by Celebrezze and Novak, moved to withdraw his plea entered on December 11, 1990. The district court considered the motion on February 19, 1991. At this hearing, the district court went to great lengths to advise Santosuosso of the harsh consequences likely at trial. The court asked Santosuosso if Celebrezze, now his attorney of record, had explained the likely or possible results of his decision. Santosuosso answered in the affirmative. The court then granted the motion to withdraw the plea, and a trial was held in May of 1991.
 
 
 7
 Santosuosso's final gamble did not pay off, and he was convicted on two counts of perjury. He was acquitted on two other counts of perjury, and the gambling count was dismissed. The district court added a two-level enhancement for obstruction of justice, and sentenced Santosuosso to 21 months in prison. The conviction and sentence were affirmed in United States v. Santosuosso, No. 91-3943, 1994 WL 59008, 1994 U.S.App. LEXIS 3795 (6th Cir. February 25, 1994) (per curiam).
 
 
 8
 More recently, Santosuosso has retained the services of Novak and Celebrezze in another unrelated matter, and in earlier appellate proceedings related to this matter.
 
 
 9
 Santosuosso's Sec. 2255 petition, first filed on December 27, 1991, has undergone several modifications, requiring a review of its procedural history to clarify the question we address in this opinion. This original petition alleged, in part, ineffective assistance by his first attorney, Jonathan Henck, at the original grand jury. This petition was filed by none other than Celebrezze and Novak, who later helped Santosuosso to amend the original petition to include allegations of ineffective assistance against Longo. After his conviction and sentence were affirmed (the petition was in abeyance pending that appeal), Santosuosso hired yet another attorney, Harold Dunne, who supplemented the original petition to allege for the first time ineffective assistance of counsel stemming from the advice by Celebrezze and Novak that he back out of the plea agreement. This supplement alleges that Novak and Celebrezze were ineffective between December 11, 1990 and January 14, 1991 because they urged him to withdraw his plea and substitute them as counsel in place of Longo. In his affidavit in support of this supplement, Santosuosso claims that Novak and Celebrezze told him that they could get his case dismissed without having to go to trial, and that this induced him to forsake the plea agreement.
 
 II
 
 10
 This appeal from the trial court's dismissal of Santosuosso's amended and supplemented petition requires us to determine whether Santosuosso has shown he is entitled to a reversal of his conviction based on constitutionally defective assistance of counsel. After the amendments and supplements, the only issue left for us to decide is whether the actions of Novak and Celebrezze between December 11, 1990 and January 14, 1991 constitute legally cognizable ineffective assistance of counsel. In his reply brief submitted for this appeal, Santosuosso himself claims that:
 
 
 11
 The issue in this appeal is the trial court's denial of an evidentiary hearing to Santosuosso on his claim of ineffective assistance of counsel by Novak and Celebrezze. The facts alleged by Santosuosso are that Novak and Celebrezze misled him into dismissing Longo and that they misled him into withdrawing his guilty plea and, thus misled him into proceeding to trial to his detriment.
 
 
 12
 Plaintiff's Reply Brief at 2.
 
 
 13
 We review the district court's findings of fact for clear error, but review de novo the application of law to these facts. Blackburn v. Foltz, 828 F.2d 1177, 1181 (6th Cir.1987).
 
 
 14
 Even if, for purposes of this review, we assume the truth of Santosuosso's claims about what Celebrezze and Novak told him to induce him to forsake the plea arrangement (a considerable assumption, given the unverifiable and self-serving nature of the averment), Santosuosso's ineffective assistance of counsel claim is so defective as a matter of law that dismissal was appropriate. Before a court in this circuit will vacate a sentence pursuant to Sec. 2255, a defendant "must demonstrate a fundamental defect in the proceedings which inherently results in a complete miscarriage of justice or an error so egregious it violates due process." Ward v. United States, 995 F.2d 1317, 1321 (6th Cir.1993). Showing an error of this magnitude is especially difficult in the area of ineffective assistance of counsel because the grounds for such claims are extremely narrow.
 
 
 15
 The case law of ineffective assistance of counsel establishes several strict tests that Santosuosso must meet to succeed in his petition. In general, a defendant bringing an ineffective assistance of counsel claim "must prove both incompetence and prejudice." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). Santosuosso's claim cannot succeed under this standard for several reasons.
 
 
 16
 First, Celebrezze and Novak were not counsel of record during the December 11, 1990 to January 14, 1991 period. Whether or not they made misrepresentations to him, he concedes that he had competent and effective advice from Longo during this period because Longo counseled him to accept the plea arrangement. At most, Santosuosso was thus being advised by two sets of attorneys--his attorney of record provided competent counsel, while Celebrezze and Novak provided "ineffective assistance."
 
 
 17
 The Ninth Circuit has decided a similar case by concluding that "[t]he Sixth Amendment right to effective assistance of counsel ... does not include the right to receive good advice from every lawyer a criminal defendant consults about his case." United States v. Martini, 31 F.3d 781, 782 (9th Cir.1994) (citation omitted). The opposite conclusion, that whenever a criminal defendant acts upon what turns out to be bad advice he is entitled to relief for ineffective assistance, would leave a defendant free to reject a plea bargain, go to trial to test the waters, and then vacate the resulting sentence when the trial proves more costly than the plea agreement.
 
 
 18
 Santosuosso's allegations of ineffective assistance also fall squarely within the tactical decision exception. It is well-established law that tactical decisions that later prove ill-conceived do not constitute inaffective assistance of counsel. Beckman v. Wainwright, 639 F.2d 262, 265 (5th Cir.1981). Although Santosuosso attempts to evade this principle by declaring the advice from Celebrezze and Novak a "mischaracterization," Santosuosso admits that they simply told him he would not be tried and that they could get his case dismissed. Santosuosso chose to believe this conceivable assessment of his chances if he withdrew his plea. Celebrezze and Novak did not lie to Santosuosso, but instead offered an ill-advised tactical assessment of his situation.
 
 
 19
 Finally, Santosuosso received enough advice to render his decision an informed one, thus placing it well short of the egregious type of error that must be proven for relief under Sec. 2255. In addition to good advice from his counsel of record and co-counsel, who advised him to take the plea agreement, Santosuosso was counselled by the trial judge on the dangers of withdrawing his plea. Thus, even if Novak and Celebrezze gave him bad advice, Santosuosso had enough information from other sources to realize the risk he was taking by going to trial.
 
 
 20
 Santosuosso's ineffective assistance of counsel claim thus finds no support in either case law or common sense. An evidentiary hearing to determine what Celebrezze and Novak told him would not have changed this result. Since the district court appreciated these same defects in the claim, it acted well within its discretion in declining an evidentiary hearing.
 
 III
 
 21
 The district court's decision to dismiss Santosuosso's Sec. 2255 petition is therefore AFFIRMED.