108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Lee FOLDS, Defendant-Appellant.
 No. 96-55422.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1997.*
Decided Feb. 13, 1997.
 
 1
 Before: D.W. NELSON, TROTT, Circuit Judges, and ROBERT J. BRYAN**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Randy Lee Folds appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. Folds pleaded guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846, and is currently serving his sentence of 108 months imprisonment. He argues that he was denied effective assistance of counsel when he sought the advice of a second attorney, who counselled him to reject the initial plea offer of 52 months imprisonment negotiated by his first attorney. In addition, he argues that the second attorney, whom he ultimately retained, denied him effective assistance at sentencing because the attorney: (a) failed to obtain an expert opinion as to the amount and purity of the methamphetamine that could have been produced by the equipment and chemicals seized; (b) failed to move for a downward adjustment for Folds' role in the offense; (c) missed the deadline for acceptance of responsibility and failed to present an adequate argument in support of a downward adjustment for acceptance of responsibility; (d) failed adequately to manage Folds' cooperation with the government to ensure that Folds received the best possible recommendation from the government. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 I. Procedural Default
 
 4
 As a threshold matter, we conclude that Folds was not, as the government argues, required to raise his ineffective assistance claim on his direct appeal. It is true that Folds was represented by a third attorney on his direct appeal, and certain aspects of Folds' ineffective assistance claim could have been based upon the existing record. If the record is sufficiently developed or if counsel's assistance was obviously inadequate, an ineffective assistance of counsel claim "may be reviewed on direct appeal." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992) (emphasis added). Here, arguably Folds' ineffective assistance claim would not have been reviewable on direct appeal, as Ellison's assistance was not obviously inadequate, and Folds provided a number of additional documents in support of his § 2255 motion that were not part of the record at that time. Moreover, we clearly have stated that "ineffective assistance of counsel claims are more properly raised by collateral attack on the conviction under 28 U.S.C. § 2255." Robinson, 967 F.2d at 290; see also United States v. Hanoum, 33 F.3d 1128, 1131 (9th Cir.1994), cert. denied, 115 S.Ct. 1702 (1995).
 
 II. Rejection of Initial Plea
 
 5
 We conclude that United States v. Martini, 31 F.3d 781 (9th Cir.1994), bars Folds' claim that he received ineffective assistance from attorney Ellison in deciding to reject the initial plea offer of 52 months. "For a lawyer's advice to constitute ineffective assistance of counsel, it must come from a lawyer who is representing the criminal defendant or otherwise appearing on the defendant's behalf in the case." Martini, 31 F.3d at 782. At the time that he sought Ellison's advice, Folds already was represented by attorney Goldberg, who had negotiated the original plea.[1] Moreover, Folds does not challenge Goldberg's competence. See id., 31 F.3d at 782-83 ("If a criminal defendant in fact receives effective assistance of counsel from the lawyer he has retained to meet the prosecution's case, he cannot later claim that he received ineffective assistance of counsel from another lawyer he chose to consult.").
 
 
 6
 We need not reach the question of whether Ellison and other attorneys at his law firm provided Folds with ineffective assistance in advising him that they could successfully defend his case at trial, even if, as Folds' contends, they misinformed him of the maximum penalty he was facing. See id. at 782 n. 1.
 
 III. Sentencing
 
 7
 Folds' claim that Ellison provided him with ineffective assistance at sentencing also lacks merit. We note that the standard under which Folds must show ineffective assistance of counsel is extremely difficult to meet. Folds must demonstrate that Ellison's performance was deficient, such that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In addition, he must demonstrate that he was prejudiced by Ellison's actions. Id. Moreover, because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence," a court's "scrutiny of counsel's performance must be highly deferential." Id. at 689. In assessing prejudice, the court should not focus solely on the question of whether the outcome would have been different but for counsel's error, Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993); rather, the court should consider whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Id. at 372. We do not think that Folds has met this burden.
 
 
 8
 First, Folds has not shown that Ellison provided ineffective assistance in failing to obtain an expert opinion on the amount and purity of methamphetamine that could have been produced. Because certain essential chemicals were missing, the government's expert relied on the size of the equipment seized to determine the quantity of pure methamphetamine that the equipment was capable of producing. Folds now proffers the affidavit of an expert stating that because of "the lack of two necessary chemicals and the failure to test the chemicals that actually were seized, it is my professional opinion that it is improper to estimate that 11 pounds of pure methamphetamine could have been produced." We have held, however, that lab capability may be determined from the size of the equipment seized, even if certain chemicals are missing: "the absence of a required chemical does not preclude a finding of lab capability that is based on an assumption that the missing chemical could have been obtained." United States v. Williams, 989 F.2d 1061, 1073 (9th Cir.1994); see also United States v. Bertrand, 926 F.2d 838, 846-47 (9th Cir.1991). In light of Williams, Ellison's failure to contest the expert opinion was neither deficient nor prejudicial. The expert opinion Folds now offers challenges only elements of the analysis that were not, under Williams, necessary to a determination of the lab's capability.[2]
 
 
 9
 Second, Folds has not shown that Ellison was ineffective in failing to move for a downward adjustment due to Folds' role in the offense. Folds contends that his role in the offense was merely that of "garbage man," and that Ellison therefore should have sought a downward adjustment. The primary evidence that Folds played such a minimal role in the conspiracy was Folds' own testimony that he was taking the methamphetamine laboratory to the desert to be destroyed. Folds also argues that the fact that certain essential chemicals were missing supports this view of his role. However, Folds' codefendant admitted that he and Folds intended to use the equipment to manufacture methamphetamine. In addition, while he later retracted the statement, Folds asserted at the time of his plea that he and his codefendant were planning to manufacture methamphetamine. Furthermore, on appeal, Folds admits that he and his codefendant planned to save some of the equipment and use it to manufacture methamphetamine in the future. On the strength of this record, we do not think it was deficient for Ellison to fail to request a downward adjustment for Folds' allegedly minimal role in the offense.
 
 
 10
 Third, Folds has not demonstrated that Ellison was ineffective in missing the deadline for arguing that Folds merited a downward departure for acceptance of responsibility, or that Ellison's argument on this issue was deficient. Although Ellison missed the deadline, the trial court considered the merits of his arguments. Folds thus has not shown that Ellison's tardiness prejudiced him.
 
 
 11
 Folds' contention that Ellison presented a deficient argument on his behalf is also unpersuasive. When Ellison argued for a reduction on the basis of acceptance of responsibility, the court indicated that its reluctance to grant the reduction rested on the fact that Folds first admitted, but later denied, that he had intended to manufacture methamphetamine. Folds now claims that Ellison provided ineffective assistance by neglecting to explain that Folds could both admit to participation in the conspiracy and at the same time assert that his own role had been a minor one, that of destroying the equipment. Yet Ellison did make a version of this argument in attempting to resolve the apparent inconsistency emphasized by the district court. Ellison advanced the theory that Folds' initial admission was merely an admission of aiding and abetting a larger conspiracy, and not in conflict with Folds' later statements that he merely intended to destroy equipment in furtherance of that larger conspiracy. We conclude that Ellison's argument was not deficient.
 
 
 12
 Fourth, Folds has not shown that Ellison provided ineffective assistance by failing to manage Folds' cooperation in order to obtain the best possible recommendation from the government. Folds points to the fact that Ellison admitted he could have managed Folds' cooperation better, and alleges that he had difficulty in reaching Ellison during the course of proceedings. Yet Ellison made this admission in the context of arguing for a reduction in Folds' sentence based on cooperation that Folds did provide. Folds has cited to no authority for the proposition that cooperation is the defense attorney's responsibility. Nor has Folds shown how Ellison's behavior prejudiced him. Under these circumstances, we do not think Ellison's behavior was deficient.
 
 
 13
 None of Ellison's alleged errors, individually or collectively, amount to ineffective assistance. Ellison's counsel fell within the range of reasonably competent legal advice to which Folds was entitled. Indeed, due to Ellison's efforts, Folds received a significantly lower sentence--108 months--than the 235-month sentence recommended by the Probation Department. While this sentence was longer than the initial 52-month offer, we must not allow the "distorting effects of hindsight" to color our decision. Strickland, 466 U.S. at 689. We cannot say that Ellison's assistance rendered the proceedings "unreliable or ... fundamentally unfair." Lockhart, 506 U.S. at 372.
 
 
 14
 IV. Failure to Conduct a Full Evidentiary Hearing
 
 
 15
 Finally, we conclude that the district court did not err in denying Folds a full evidentiary hearing. The trial court need not conduct a full evidentiary hearing on a § 2255 motion. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988). The decisions to hold hearings and conduct discovery in such cases are committed to the district court's discretion. Id. "Section 2255 requires only that the judge give the prisoner's claim careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." Id. (internal quotations and citations omitted).
 
 
 16
 Here, the district court permitted Folds to supplement the record beyond the direct proceedings. Moreover, this is not a case in which the record could only be investigated by requiring the personal presence of the petitioner. See id. (suggesting that lack of need to question petitioner may form basis for denying full evidentiary hearing). We conclude that the district court did not err in refusing to grant a full evidentiary hearing.
 
 
 17
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Folds' reliance on Stoia v. United States, 22 F.3d 766 (7th Cir.1994), is misplaced. Not only is Stoia a Seventh Circuit case, and therefore inapplicable here, but Stoia does not provide support for Folds' contention that Ellison should be viewed as "counsel" within the meaning of the Sixth Amendment because he sought to secure Folds as a client. Stoia merely holds that an attorney retained by the defendant qualifies as "counsel" even if that attorney doesn't appear in court. Id. at 769. Moreover, the Stoia court explicitly stated that "a defendant's right to effective assistance of counsel does not extend to those cases where a non-appearing attorney ... gives a defendant legal advice even though he has not been retained by the defendant to help prepare his defense." Id
 
 
 [2]
 Folds' contention that Ellison should have challenged the government's estimate of the purity of the methamphetamine produced fails for similar reasons. In support of his argument, Folds offers only the expert affidavit criticizing the government's analysis due to the lack of essential chemicals. Under Williams, estimates do not require the presence of essential chemicals but rather can be based primarily on the lab equipment. Williams, 989 F.2d at 1073 & n. 5. Folds does not, as the government suggests, argue on appeal that Ellison's failure to challenge the isomer of methamphetamine was constitutionally ineffective