124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Ray WELLS, Petitioner-Appellant,
v.
George BALDWIN, Superintendent, Eastern Oregon Correctional
Institution, Respondent-Appellee.
 No. 96-35945.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Oregon, Michael R. Hogan, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon state prisoner Donald Ray Wells appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his robbery conviction in Marion County, Oregon. Wells contends that he received ineffective assistance of counsel because his counsel misled him regarding the validity and enforceability of a plea agreement promising that his Marion County sentence would run concurrent to any sentence received in other pending state and federal charges. Wells also contends that his waiver of a jury trial and agreement to a stipulated-facts trial were involuntary and unknowing. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996); Wells v. Maass, 28 F.3d 1005, 1011 (9th Cir.1994), and we affirm.
 
 
 3
 We agree with the district court that Wells's claim of ineffective assistance of counsel lacks merit because Wells failed to show that his Marion County trial attorney, Craig R. Rockwell, acted outside the range of professional competence. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Wells's argument that he relied on the mistaken advice of Joseph Penna, a defense attorney who represented Wells in a separate state case brought in Polk County, Oregon, lacks merit. See United States v. Martini, 31 F.3d 781, 782 (9th Cir.1994) ("For a lawyer's advice to constitute ineffective assistance of counsel, it must come from a lawyer who is representing the criminal defendant or otherwise appearing on the defendant's behalf in the case.").
 
 
 4
 We also agree with the district court that Wells failed to show his waiver of a jury trial and agreement to a stipulated-facts trial was involuntary or unknowing. See Hensley v. Crist, 67 F.3d 181, 185 (9th Cir.1995); Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992).[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Wells's habeas petition was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("Act"), we do not apply the Act to this appeal. See Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997)