**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alfredo VASQUEZ–MEJIA, aka Juan Almanza; et al., Defendant—Appellant.**

No. 02–50623.
D.C. No. CR–02–00086–DOC.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.
Decided Aug. 1, 2003.

---

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Alfredo Vasquez–Mejia (Vasquez) appeals his sentence imposed by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

The district court's interpretation of the United States Sentencing Guidelines is reviewed *de novo*. *United States v. Smith*, 330 F.3d 1209, 1212 (9th Cir.2003). Whether a particular factor is a permissible basis for departure is reviewed *de novo*. *United States v. Malley*, 307 F.3d 1032, 1034 (9th Cir.2002).

The government offered Vasquez a "fast track" plea agreement carrying a 30 month sentence. Vasquez, while represented by the Office of the Federal Public Defender (OFPD), rejected the plea agreement.

Vasquez claims he rejected the plea agreement because David P. Schwartz (Schwartz), an un-retained attorney, advised Vasquez that Schwartz could get a better offer. After rejecting the "fast

track" plea proposal, Vasquez was indicted and pleaded guilty.

The pre-sentence report calculated a 46 month minimum sentence. Vasquez sought a downward departure to align his sentence with the proposed "fast track" plea agreement. Vasquez argued that "bad advice" from Schwartz caused Vasquez to reject the plea agreement. The district court rejected this argument and Vasquez was sentenced to 46 months.

If "a criminal defendant in fact receives effective assistance of counsel from the lawyer he has retained to meet the prosecution's case, he cannot later claim that he received ineffective assistance of counsel from another lawyer he chose to consult." *United States v. Martini*, 31 F.3d 781, 782–783 (9th Cir.1994). Vasquez raises no question regarding his representation by the OFPD when Vasquez rejected the "fast track" plea offer. We have held that ineffective assistance of counsel may not be used as a basis for departure. *United States v. Basalo*, 258 F.3d 945, 950 (9th Cir.2001).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.