**Affirmed and Memorandum Opinion filed November 7, 2013.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-12-00483-CR

**CHARLES E. WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 25th District Court**
**Colorado County, Texas**
**Trial Court Cause No. 11-029**

## M E M O R A N D U M   O P I N I O N

Appellant Charles E. Williams appeals the denial of his motion for new trial following his adjudication of guilt for indecency with a child by sexual contact. In a single issue, he argues he was ineffectively counseled to plead guilty in a separate misdemeanor case and that the plea "hamstrung" his defense in this case. Insofar as appellant collaterally challenges his misdemeanor conviction, we lack jurisdiction to address his collateral attack on a judgment that is not before us in

this direct appeal. Insofar as appellant argues that his misdemeanor counsel provided ineffective assistance in *this* case, we disagree because counsel provided a reasonable strategic basis for advising appellant to plead guilty to the misdemeanor. As a result, we affirm.

## BACKGROUND

In 2011, appellant pleaded guilty to indecency with a child by sexual contact, a second-degree felony punishable by imprisonment for up to twenty years. Tex. Penal Code Ann. §§ 12.33, 21.11(a)(1), (d) (West 2011). The trial court did not find appellant guilty, but instead fined appellant $1,000 and deferred the adjudication of guilt pending completion of five years' probation. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 5 (West Supp. 2013). Less than three months later, appellant allegedly committed an assault, and the State charged him with a class A misdemeanor punishable by confinement for up to one year. *See* Tex. Penal Code Ann. §§ 12.21, 22.01(a)(1) (West 2011).

Based upon the misdemeanor assault and other probation violations, the State moved to adjudicate appellant's guilt in the felony indecency case now before us on appeal, and to revoke his probation. Adjudication proceedings like this one are neither criminal nor civil; they are administrative. *Canseco v. State,* 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). The State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Id.* at 438–39.

Different counsel represented appellant in the misdemeanor case and the felony adjudication case. Although this is an appeal of the felony adjudication, appellant's only issue is that his counsel in the misdemeanor case rendered ineffective assistance. Two days before a scheduled hearing on the motion to adjudicate, misdemeanor counsel advised appellant to plead guilty in the

misdemeanor case. In exchange for this guilty plea, appellant received an eighty-day jail sentence. No court reporter attended appellant's misdemeanor plea, so there is no transcript of that proceeding.

According to appellant, misdemeanor counsel's advice to plead guilty hamstrung his defense at the adjudication hearing in the felony case two days later. At that hearing, appellant pleaded "true" to several probation violations, including the misdemeanor assault. In exchange for appellant's plea of true, the State recommended a sentence of four years in prison. The trial court rejected the State's recommendation. Then, without allowing appellant to withdraw his plea, the trial court sentenced him to prison for twenty years.[1]

Appellant moved for a new trial in the felony adjudication case based upon ineffective assistance of counsel. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10. He had no complaints regarding the counsel assigned to represent him in that case, but argued that his misdemeanor counsel should not have advised him to plead guilty in the misdemeanor case. The adjudicating court held a hearing on the motion, and misdemeanor counsel testified.

Counsel explained that he consulted with appellant, and both agreed it was best to keep the State from emphasizing the details of the misdemeanor assault details in the felony adjudication hearing. To accomplish this strategy, they decided to accept the State's plea offer in the misdemeanor case. The alternative, misdemeanor counsel explained, was to plead not guilty to the misdemeanor and force the State to establish the misdemeanor assault in the adjudication hearing through live testimony. Appellant and misdemeanor counsel rejected this option

---

[1] The plea agreement stated that "the trial court is not bound by a plea agreement, if any, between the defendant and the State. If the trial court assesses a punishment different from that recommended by the State, the defendant has no right to withdraw the plea."

because, according to counsel, "[appellant] thought it was better strategy to minimize . . . the Judge's knowledge of what happened in th[e] misdemeanor case."

The adjudicating court denied the new trial motion. Neither party requested findings of fact or conclusions of law, and the court made none. This appeal followed.

ANALYSIS

**I.      Standard of review**

We review a trial court's decision on a motion for new trial for an abuse of discretion. *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). Under this standard, an appellate court should uphold a trial judge's ruling unless it is outside the zone of reasonable disagreement. *Hall v. State*, 283 S.W.3d 137, 165 (Tex. App.—Austin 2009, pet. ref'd). In the absence of express factual findings, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as the record supports those findings. *Id.*

**II.     We cannot give appellant a new trial in the misdemeanor case, and he is not entitled to a new trial in this case.**

Appellant moved for a new trial below, and he prays on appeal for us to "remand for further proceedings consistent with this Court's opinion," by which we assume he means "remand for a new trial." But appellant has omitted one crucial detail in his new trial requests: A new trial in which case?

The answer makes a difference. To the extent appellant wants a new trial in the misdemeanor case, we cannot order one in this appeal. As explained below, appellant cannot collaterally attack his non-void judgment of conviction in another case by appealing his adjudication of guilt in this one.

4

But it is not entirely clear that appellant is attempting such a collateral attack. He appears to argue that although misdemeanor counsel was not assigned to represent him in this case, counsel nonetheless provided "Assistance of Counsel" in the adjudication proceeding that we now review and did so ineffectively, entitling appellant to a new adjudication hearing. *See* U.S. Const. amend. VI. To the extent appellant argues that misdemeanor counsel rendered ineffective assistance in *this case*, we have jurisdiction and will address his sole issue on appeal. In addressing this issue, we conclude that the trial court did not abuse its discretion by implicitly finding that counsel rendered effective assistance. Therefore, we affirm.

### A. To the extent appellant attempts to attack the misdemeanor judgment collaterally in this direct appeal of the felony adjudication, we lack jurisdiction.

Insofar as appellant seeks to attack his misdemeanor judgment of conviction, he has gone about it the wrong way. Appellant should challenge the misdemeanor by appealing the judgment in that case, not this one. In this appeal, the only collateral challenge appellant can even arguably raise against the misdemeanor judgment is voidness. *See Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) ("A void judgment is a 'nullity' and can be attacked at any time.").

But judgments are void only in very rare situations—usually due to a lack of jurisdiction. *See id.* at 668. Appellant does not contend that the misdemeanor judgment is void, and we see no reason why it would be. *See id.* at 669 ("[I]neffective assistance of counsel claims and involuntary plea claims do not, if meritorious, make a conviction void . . . ."). Because the misdemeanor judgment here is not void, the trial court could not entertain appellant's collateral attack on that judgment, and neither can we. *See id.*

5

In analogous circumstances, the Court of Criminal Appeals has held that a valid judgment in one case cannot be collaterally attacked on direct appeal of another. For example, a defendant generally cannot attack a prior conviction used as a penalty enhancement when appealing the judgment that is enhanced. *Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007). "Such a collateral attack is permitted only if the prior judgment is void, and not merely voidable." *Id*. A defendant who pleads guilty and receives deferred adjudication faces a similar limitation. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001). He normally cannot attack his original guilty plea collaterally when directly appealing a subsequent adjudication of guilt—unless the plea is void. *Id.*

The reasoning of these cases applies with even greater force to the facts here. In the examples above, the judgment under review on direct appeal necessarily relied upon the prior conviction or plea. That is, a court can impose an enhanced punishment based on a prior conviction, or adjudicate guilt based upon a previous guilty plea, only if the necessary conviction or guilty plea actually exists. Thus, by collaterally attacking the prior conviction, the defendant seeks to remove an essential component of the judgment actually on direct appeal. If the prior conviction falls, so too does the judgment before the appellate court. As a result, the prior conviction's validity is squarely at issue. Yet the only basis upon which the defendant can attack the prior conviction is voidness. *See id*.

In this case, by contrast, the misdemeanor judgment was not even necessary for the trial court to adjudicate appellant's guilt. Even without it, the court had the power to rule as it did provided it reasonably concluded that appellant violated his probation. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The court could have reached this conclusion by hearing evidence of the violations, relying upon appellant's conviction, or—as actually happened—by appellant

6

admitting the violations with a plea of true. Moreover, to adjudicate appellant's guilt, the trial court needed to find only one of the multiple violations to which appellant admitted. *See Dansby v. State*, 398 S.W.3d 233, 240 (Tex. Crim. App. 2013). The conviction itself was unnecessary.

Because collateral judgments that are essential to the judgment at issue can be reviewed on direct appeal only for voidness, appellant's attack on a judgment that is *unnecessary* is also, at most, reviewable only for voidness. Thus, assuming appellant can collaterally attack his misdemeanor conviction in this appeal at all, he would have to establish that the misdemeanor judgment is void.[2] Appellant has neither made nor attempted such a showing. As a result, insofar as appellant collaterally attacks the misdemeanor judgment based upon ineffective assistance of counsel in the misdemeanor case, we lack jurisdiction to consider that issue in this direct appeal of the felony adjudication.

### B.     To the extent appellant argues that misdemeanor counsel was his attorney in this case, he failed to show ineffective assistance.

Insofar as appellant requests another adjudication hearing, we understand him to argue that, for constitutional purposes, misdemeanor counsel was his attorney in this case—even though misdemeanor counsel was assigned only to another case and appellant had separate counsel in this case.[3] This argument raises

---

[2] Because "[a] void judgment is a 'nullity' and can be attacked at any time," we assume without deciding that appellant could collaterally attack the misdemeanor judgment on the basis of voidness in this direct appeal. *Nix*, 65 S.W.3d at 667–68.

[3] It is unclear how granting appellant another adjudication hearing would alter the result. As discussed above, the misdemeanor conviction would remain in place. Moreover, appellant does not contend that his counsel in this case was ineffective for advising him to plead true under the circumstances. As a result, if we granted appellant's request for another adjudication hearing, it appears that he would plead true again and we see no reason that the trial court would not impose the maximum sentence again. Nonetheless, because we conclude the trial court did not abuse its discretion by denying appellant's new trial motion, we need not address whether an improper denial of the motion would have been harmless error. *See* Tex. R. App. P. 44.2.

the following question: Can a defendant raise a claim of ineffective assistance based upon crucial advice supplied by an attorney who was not assigned to his case? *Compare Stoia v. United States*, 22 F.3d 766, 770 (7th Cir. 1994) (where lawyer was not counsel of record, but secretly "'called the shots' and thus directly controlled many aspects of [the] defense," lawyer's conduct was subject to ineffective assistance claim), *with United States v. Martini*, 31 F.3d 781, 782–83 (9th Cir. 1994) (per curiam) (where defendant got plea advice from "a lawyer who was not representing him in the case and who was completely unfamiliar with the facts and legal issues involved," advice was not "advice of *counsel* within the meaning" of the Sixth Amendment). We need not answer this question here. Even assuming that misdemeanor counsel was appellant's attorney in this case, the trial court's implicit finding that counsel rendered effective assistance was not an abuse of discretion.

When a defendant enters his plea upon the advice of counsel and subsequently challenges the voluntariness of that plea based on ineffective assistance of counsel, the plea's voluntariness depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997), *overruled in part on other grounds by Taylor v. State*, 109 S.W.3d 443 (Tex. Crim. App. 2003). We focus our analysis on the first element. Appellate review of counsel's representation is "highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Moreover, a claim of ineffective assistance of counsel must be decided based upon the particular circumstances of each individual case. *Ex parte Harrington*, 310 S.W.3d 452, 459 (Tex. Crim. App. 2010). We will not second-guess strategic or tactical decisions made by trial counsel unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. (internal quotation marks omitted). Of course, when no reasonable trial strategy could justify trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law. *Id.*

Although "[a] reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim," *see Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005), here appellant's misdemeanor counsel testified at the new trial hearing. As a result, we can evaluate the strategic and tactical considerations behind his advice that appellant plead guilty. *See Depena v. State*, 148 S.W.3d 461, 469 (Tex. App.—Corpus Christi 2004, no pet.) (testimony at new trial hearing "is one of the appropriate methods of developing an ineffective assistance of counsel claim for appellate review"). Based upon misdemeanor counsel's testimony, we conclude that the trial court did not abuse its discretion by finding that counsel's strategy was not so outrageous that no competent attorney would have engaged in it.

Appellant argues that misdemeanor counsel rendered ineffective assistance by (1) advising him to plead guilty to the misdemeanor two days before the adjudication hearing in this case, and (2) failing to have a court reporter record appellant's guilty plea. We conclude that misdemeanor counsel provided reasonable strategic justifications for both decisions.

As to pleading guilty, appellant had two bad options; misdemeanor counsel was not ineffective for strategically advising appellant to pursue the one that

seemed better. Counsel testified that he advised appellant to plead guilty to the misdemeanor prior to the felony adjudication hearing so that the adjudicating court would not learn the facts surrounding the misdemeanor assault. Specifically, counsel said:

> [Appellant] went to a Valentine's Day dance and physically assaulted an ex-girlfriend in front of . . . probably . . . a hundred witnesses or more and then said a lot of things during the commission that [misdemeanor counsel] thought would be very detrimental if [the trial court] heard it during [the adjudication] hearing.

Misdemeanor counsel believed that "[b]y [appellant] pleading [to the misdemeanor] case and taking care of it, the State would not bring [the facts of the case] up at his hearing."

This strategy appears to have worked—up to a point. At the adjudication hearing, the State did not mention the underlying facts of the assault. To the contrary, the State pulled its punches. It agreed to a plea bargain under which appellant would have served only one-quarter of the maximum allowable sentence. Of course, the strategy stumbled at the final hurdle when the adjudicating court rejected this bargain and imposed the maximum sentence, but a strategy need not be successful to be effective assistance. *Martin v. State*, 623 S.W.2d 391, 395 (Tex. Crim. App. [Panel Op.] 1981) ("Ineffectiveness is not shown when the tactic is unsuccessful.").

In any event, counsel testified that the other option was no better. Had misdemeanor counsel delayed the misdemeanor plea until after the felony adjudication—as appellant now argues he should have—counsel's "understanding" was that in the felony adjudication proceeding, "the State would have called witnesses from th[e] misdemeanor case to . . . go through the facts that [he] was trying to keep from being disclosed to [the adjudicating court]." Misdemeanor

counsel believed it was preferable for the adjudicating court to see only the misdemeanor conviction and that "the punishment that [appellant] took [for the misdemeanor] was a lot less than the maximum." As a result of this limited information, counsel hoped that "[the trial court] could have considered [the misdemeanor] not . . . as serious as [it would have if] witnesses . . . went into the details of it." Under these circumstances, the trial court did not abuse its discretion by implicitly concluding this strategy was not so outrageous that no reasonable attorney would have engaged in it.

Misdemeanor counsel also provided a justification for not having a court reporter record appellant's plea. He explained that there was no reporter in the courthouse on the day of the plea, that the court hearing the plea was not scheduled to hear cases the following day, and that the adjudication hearing was to occur two days later. As a result, to plead guilty prior to the adjudication hearing (which both lawyer and client agreed was the preferable course), appellant had to enter his misdemeanor plea without a reporter. The trial court did not abuse its discretion in concluding that entering the plea without a reporter under these circumstances was not so outrageous that no reasonable attorney would have done so. Accordingly, we overrule appellant's challenge to the trial court's denial of his motion seeking a new trial based on ineffective assistance of counsel.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/        J. Brett Busby
Justice

Panel consists of Justices Boyce, Jamison, and Busby.

Do Not Publish—Tex. R. App. P. 47.2(b).

11