Robert CANSECO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00763–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 1, 2006.

Rehearing Overruled July 31, 2006.

David R. Bires, Fred Dahr, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Jessica A. McDonald, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and BLAND.

## OPINION

JANE BLAND, Justice.

Robert Canseco appeals a trial court judgment revoking his community supervision for possession of cocaine with intent to deliver. In one issue, Canseco contends the trial court erred in admitting hearsay evidence from his probation file at the revocation hearing. We conclude that the trial court did not abuse its discretion and therefore affirm.

### Background

In July 2001, the State charged Canseco with possession of cocaine with intent to deliver. Pursuant to a plea agreement, Canseco pleaded guilty, and the trial court assessed punishment at six years' imprisonment, suspended for six years' community supervision. The State subsequently moved to revoke Canseco's community supervision, alleging that he had violated the conditions of community supervision by (1) testing positive for marihuana on several occasions, (2) failing to submit to a random urine specimen analysis, and (3) failing to perform the required number of community service hours.

The trial court held a revocation hearing in July 2005. After hearing testimony from five witnesses, including Canseco's probation officer, the trial court found that Canseco had violated the terms and conditions of his community supervision. The court therefore revoked Canseco's community supervision and assessed punishment at five years' imprisonment. This appeal followed.

### Standard of Review

A revocation proceeding is neither criminal nor civil in nature—rather, it is an administrative proceeding. *See Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim. App.1993); *Greer v. State,* 999 S.W.2d 484, 486 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). At a revocation hearing, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision. *Cobb,* 851 S.W.2d at 873; *Greer,* 999

S.W.2d at 486. Proof of a single violation is sufficient to support a revocation. *Greer*, 999 S.W.2d at 486.

 Our review of the evidence is limited to determining whether the trial court abused its discretion in revoking the defendant's community supervision. *Cobb*, 851 S.W.2d at 873; *Greer*, 999 S.W.2d at 486. We view the evidence in the light most favorable to the trial court's judgment. *Cobb*, 851 S.W.2d at 873; *Greer*, 999 S.W.2d at 486. The trial court is the exclusive judge of the credibility of the witnesses and must determine whether the allegations in the motion to revoke are sufficiently demonstrated. *Greer*, 999 S.W.2d at 486; *Galvan v. State*, 846 S.W.2d 161, 162 (Tex.App.-Houston [1st Dist.] 1993, no pet.).

### Analysis

In his sole issue, Canseco contends the trial court erred in allowing his probation officer, Earl Attebury, to testify about the contents of his probation file. At the time of the revocation hearing, Attebury had been employed by the Harris County Community Supervision and Correction Department ("probation department") for only three months. Attebury replaced Teresa Hill, Canseco's former probation officer, whose employment had been terminated in April 2005.

At the revocation hearing, the State asked Attebury to testify about several notations Hill had made in Canseco's probation file regarding his failure to perform community service at the required rate, his failure to leave a urine sample on one occasion, the number of times his urine samples had tested positive, and whether the probation department had received reports from the laboratory after it completed its analysis of Canseco's urine samples. Canseco objected to the State's line of questioning on hearsay grounds. After Attebury testified that the probation file was compiled as a regular practice and kept in the regular course of business of the probation department, and that the entries in the file were made by an individual with personal knowledge of the entries, at or near the time of the information entered into the file, the court ruled that the contents of the file were admissible as a business record under Texas Rule of Evidence 803(6). *See* Tex.R. Evid. 803(6). Canseco asserts that the trial court abused its discretion in allowing Attebury to testify from the probation file because he did not have personal knowledge of the contents of the file, and the preparation of the file indicated a lack of trustworthiness.

A trial court has broad discretion in determining the admissibility of evidence. *Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Crim.App.1994). Thus, we will not reverse an evidentiary ruling unless the record shows a clear abuse of discretion. *Williams v. State*, 535 S.W.2d 637, 639–40 (Tex.Crim.App.1976). An abuse of discretion occurs when the trial court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *Galliford v. State*, 101 S.W.3d 600, 604 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd).

 Texas Rule of Evidence 803(6) excepts from the hearsay rule

[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . unless the source of information or

the method or circumstances of preparation indicate lack of trustworthiness. "Business" ... includes any and every kind of regular organized activity whether conducted for profit or not.

TEX.R. EVID. 803(6). "To authenticate a record of a regularly conducted activity, ... Rule 803(6) does not require that the person authenticating the record be either the creator of the record or to have personal knowledge of the information recorded therein." *Desselles v. State*, 934 S.W.2d 874, 876 (Tex.App.-Waco 1996, no pet.). Rather, the testifying witness need only have knowledge of how the record was prepared. *Id.* Thus, the Court of Criminal Appeals has determined that a probation file is admissible as a business record, even though the testifying witness does not have personal knowledge of the entries in the file, so long as the personnel who made the entries did have personal knowledge of the facts therein. *Simmons v. State*, 564 S.W.2d 769, 770 (Tex.Crim.App.1978); *see also Dodson v. State*, 689 S.W.2d 483, 485 (Tex.App.-Houston [14th Dist.] 1985, no pet.) (holding that, where proper predicate is laid, probation file is admissible as business record). Here, although Attebury did not have personal knowledge of all the entries in Canseco's probation file, he testified that Hill prepared the file and had personal knowledge of the facts she recorded in the file. The State therefore laid the proper predicate for admission of the probation file as a business record under Rule 803(6). *See Desselles*, 934 S.W.2d at 876.

Though Canseco speculates that Hill's employment may have been terminated for incompetence or for failure to maintain accurate records, and that the probation file is therefore untrustworthy, there is no evidence in the record to support Canseco's assertion. Nor does Canseco affirmatively contend that any particular facts in the probation file are inaccurate. As such, we reject Canseco's suggestion that preparation of the probation file indicates a lack of trustworthiness. *See Duhrkopf v. State*, 671 S.W.2d 147, 149 (Tex.App.-Fort Worth 1984, pet. ref'd) (holding that probation file admitted as business record was fundamentally trustworthy where appellant did not complain, and record did not indicate, that it was inaccurate); *see also Brooks v. State*, 901 S.W.2d 742, 746–47 (Tex.App.-Fort Worth 1995, pet. ref'd, pet. dism'd) (rejecting appellant's assertion that medical records admitted as business records under Rule 803(6) were untrustworthy because "[t]here is no requirement that the custodian of the records be able to identify the source of any or all of the handwritings in the record" and there was nothing apparent in record to render medical records untrustworthy); *Cartwright v. State*, 807 S.W.2d 654, 655–56 (Tex.App.-Beaumont 1991), *aff'd*, 833 S.W.2d 134 (Tex.Crim. App.1992) (concluding that trial court did not err in admitting laboratory report as business record under Rule 803(6), even though chemist who wrote report was no longer employed by county crime laboratory at time of trial and business record predicate was therefore laid by his successor). We therefore conclude that the trial court did not abuse its discretion in allowing Attebury to testify from Canseco's probation file under Rule 803(6).

### Conclusion

We affirm the judgment of the trial court.