Opinion filed March 22, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed March 22, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00218-CR 

                                                     __________

 

                                DANIEL
RODRIGUEZ, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 161st District Court 

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. B-31,182

 



 

                                                                   O
P I N I O N

 

Daniel Rodriguez, Jr. appeals from the trial court=s order revoking his community
supervision and sentencing him to one year confinement in a state jail
facility.  We affirm. 

Background Facts 








The trial court convicted appellant of the state
jail felony of evading detention and sentenced him to one year confinement in
the State Jail Division of the Texas Department of Criminal Justice.  The trial court suspended appellant=s sentence and placed him on community
supervision for a period of three years. 
As part of the community supervision, appellant had to abide by certain
conditions including: (1) be home each night from 10:00 p.m. until 6:30 a.m.
Sunday through Saturday and remain at his residence unless his work required
him to be out later; and (2) avoid persons or places of disreputable or harmful
character and stay out of bars, lounges, dance halls, liquor stores, private
clubs licensed by the Texas Alcoholic Beverage Commission, places where
alcoholic beverages are served or dispensed, pool halls, and sexually oriented
businesses.

In April 2005, the State filed a motion to revoke
appellant=s
community supervision alleging that appellant had violated four conditions of
his probation.  The State proceeded on
two of the allegations.  Appellant
pleaded not true to the allegations, and the trial court conducted a
hearing.  The first allegation was that
appellant failed to remain at his residence from 10:00 p.m. until 6:30
a.m.  The second allegation was that
appellant failed to avoid places of disreputable or harmful character.  The court found these allegations to be true
and sentenced appellant to one year in the State Jail Division of the Texas
Department of Criminal Justice.  Appellant
appeals from the trial court=s
findings.

Issue on Appeal

Appellant asserts that the trial court abused its
discretion in revoking his community supervision because there was insufficient
evidence to support a finding that he violated any conditions of his community
supervision.  Appellant also asserts that
the trial court abused its discretion in considering extraneous matters in
making its decision. 

Standard of Review

We review the trial court=s
order revoking community supervision for an abuse of discretion.  Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim.
App. 2006). The State must prove by a preponderance of the evidence that the
defendant violated a condition of his community supervision.  Id.
at 763-64.  A preponderance of the
evidence means that the greater weight of the credible evidence creates a
reasonable belief that the defendant violated a condition of his community
supervision.  Scamardo v. State,
517 S.W.2d 293, 298 (Tex. Crim. App. 1974). 
The State need only prove one violation to revoke a defendant=s community supervision.  Canseco v. State, 199 S.W.3d 437, 439
(Tex. App.CHouston
[1st Dist.] 2006, pet. filed).

Review of the Evidence 








The State offered testimony from Rene Carrasco, an
enforcement agent with the Texas Alcoholic Beverage Commission.  Officer Carrasco testified that, on March 4,
2005, he saw a Dodge pickup in the parking lot of the Club Mystique.  The pickup was peeling its tires in the parking
lot and then left the parking lot at a high rate of speed.  Officer Carrasco testified that he pursued
the pickup in order to make a traffic stop. 
He further testified that he followed the pickup for a distance and
observed another vehicle that appeared to have been run off the road by the
Dodge pickup.  Officer Carrasco said that
he later caught up to the pickup Awrecked
out.@  The driver=s
side door and the passenger door were open. 
Officer Carrasco testified that he observed a man, Eric Hernandez, whom
he later discovered to be the passenger, on the ground next to the pickup.  The man appeared to be disoriented and
intoxicated.  Officer Carrasco testified
that he found a wallet with appellant=s
driver=s license
in it on the driver=s side of
the pickup.  Officer Carrasco did not see
appellant at the scene of the wreck.

The State next called Hernandez.  Hernandez testified that he was at the Club
Mystique on March 4, 2005, and that he saw appellant in the parking lot of the
club around 1:30 a.m.  He testified that
he asked appellant for a ride.  Hernandez
stated that he got into appellant=s
red Dodge pickup around 1:45 a.m. and that appellant was driving.  Hernandez testified that the pickup appellant
was driving was the same pickup that Officer Carrasco followed from the Club
Mystique and saw wrecked a few blocks away.

Appellant argues that the evidence is insufficient
to support the trial court=s
order revoking appellant=s
community supervision because (1) Officer Carrasco never saw appellant out past
10:00 p.m. on March 4, 2005, and (2) the testimony of Hernandez was not
credible because he was intoxicated and disoriented that night.  The trial court is the exclusive judge of the
credibility of the witnesses.  Canseco,
199 S.W.3d at 439.  Hernandez=s testimony clearly showed that
appellant was not at his residence after 10:00 p.m. on March 4, 2005.  Further, the trial court could infer from
Officer Carrasco=s
testimony that appellant was at the scene of the wreck and that he left his
wallet behind when he fled the scene. 
This is sufficient for the trial court to find that appellant violated
the curfew condition of his community supervision.  Because the trial court only needed to find
one violation of appellant=s
conditions of community supervision to revoke appellant=s
supervision, we need not address whether the evidence was sufficient to find a
second violation.  See Canseco,
199 S.W.3d at 438-39.  Furthermore,
because we find that the evidence was sufficient without it, we do not address
whether the trial court considered extraneous matters in revoking appellant=s probation. 








Conclusion 

The trial court did not abuse its discretion in
revoking appellant=s
probation.  The trial court=s judgment is affirmed. 

 

 

RICK STRANGE

JUSTICE 

 

March 22, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.