Opinion issued May 22, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00505-CR






TIMOTHY MICHAEL HARTLESS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 04CR2617






MEMORANDUM OPINION

 Appellant, Timothy Michael Hartless, appeals the trial court's judgment
revoking his community supervision. In one issue, appellant contends the trial court
abused its discretion in sentencing him to ten years' imprisonment because the motion
to revoke did not include allegations that he committed a new offense. 

 We affirm.

Background

 In April 2006, appellant pleaded guilty to the second-degree felony offense of
sexual assault. See Tex. Pen. Code Ann. § 22.011 (Vernon Supp. 2007). The trial
court deferred adjudication and sentenced appellant to ten years' community
supervision. Among other conditions, the trial court ordered appellant to pay court
costs and fees, to refrain from consuming alcohol, not to engage in unlawful conduct,
and to attend sex-offender counseling. In January 2007, the State moved to revoke
appellant's community supervision and adjudicate guilt. In April 2007, the State
amended is motion to adjudicate guilt and revoke community supervision. The State
alleged that appellant had: (1) admitted to a polygraph examiner that he had smoked
marijuana and consumed alcohol since being placed on community supervision; (2)
failed to pay supervision fees as ordered, at $40 a month, and was $480 in arrears; (3)
failed to pay costs of court and was $120 in arrears; (3) failed to reimburse Galveston
County for appointed counsel's attorney's fees and was $480 in arrears; (4) failed to
pay Crime Stoppers Program and was $25 in arrears; (5) failed to pay the Sexual
Assault Program Fund and was $60 in arrears; (6) failed to pay the Advocacy Center
for the Children of Galveston County, Texas and was $43.04 in arrears; (7) failed to
pay the Crime Victim's Compensation Fund as ordered and was $21.50 in arrears; (8)
tested positive for marijuana in January 2007; (9) tested positive for marijuana in
December 2006; (10) failed to complete community service, which was ordered at a
rate of at least 16 hours per month; and (11) failed to complete sex offender
treatment. Appellant pleaded true to all the allegations in the State's amended
motion. The trial court revoked appellant's community supervision and assessed
punishment at ten years' confinement.

Standard of Review

 A revocation proceeding is neither a criminal nor a civil trial; rather, it is an
administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993); Canseco v. State, 199 S.W.3d 437, 438 (Tex. App.--Houston [1st Dist.] 2006,
pet. ref'd). At a revocation hearing, the State must prove by a preponderance of the
evidence that the defendant violated a condition of his community supervision. Cobb,
851 S.W.2d at 873; Canseco, 199 S.W.3d at 438-39. Proof of a single violation is
sufficient to support revocation. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim.
App. 1979); Canseco, 199 S.W.3d at 439. A plea of true, standing alone, is sufficient
to support the trial court's revocation of community supervision. Moses v. State, 590
S.W.2d at 470. 

 In his sole issue, appellant contends that the trial court abused its discretion by
sentencing him to ten years' imprisonment for the "minor infractions" alleged in the
State's motion to revoke, or alternately, for sentencing him to ten years'
imprisonment even though the motion to revoke "did not include allegations that
appellant committed a new offense." Appellant was sentenced to ten years'
imprisonment for the second-degree felony offense of sexual assault, not for
violations of the conditions of his community supervision. This sentence was within
the statutory range of two to twenty years. See Tex. Pen. Code Ann. § 12.33
(Vernon 2003). Moreover, the motion to revoke did include allegations that appellant
committed a new offense, because, as the trial court observed, smoking marijuana is
illegal in Texas. See Tex. Health & Safety Code Ann. § 481.121 (Vernon 2003). 
 Appellant pleaded true to all the allegations in the motion to revoke. This is
sufficient to support the trial court's revocation. 

 We overrule appellant's only issue.






Conclusion

 We affirm the judgment of the trial court.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).