Opinion issued October 29, 2009













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00145-CR




OMAR MARQUISE HENRY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1098286




MEMORANDUM OPINION

          Appellant, Omar Marquise Henry, with an agreed punishment recommendation
from the State, pleaded guilty to the offense of aggravated sexual assault of a child
younger than 14 years of age.


 The trial court deferred adjudication of appellant’s
guilt and placed him on community supervision for 10 years. The State subsequently
filed a motion to adjudicate appellant’s guilt, alleging that he had violated the terms
and conditions of his community supervision by (1) failing to pay supervisory fees;
fines, fees, and court costs; laboratory fees; and the Sexual Assault Program Fund;
(2) failing to appear for a polygraph examination; (3) failing to observe curfews; (4)
failing to report to his community supervision officer on July 11, 2008; and (5) failing
to consistently participate in electronic monitoring. Appellant pleaded not true to the
allegations. After a hearing, the trial court found the State’s allegations to be true,
found appellant guilty, and assessed punishment at 10 years’ confinement.
          In two points of error, appellant contends that the trial court abused its
discretion by revoking his deferred adjudication community supervision (1) because
“appellant proved by a preponderance of the evidence that the alleged violations . . .
were due to his inability to pay money and the [S]tate failed to show appellant had
money and just didn’t pay” and (2) by finding that appellant failed to appear for his
polygraph examination.
          We affirm.
 
Background
           Janie Hernandez, the court liaison officer assigned to the 262nd District Court,
testified at the hearing on the State’s motion to adjudicate that, on January 9, 2008,
appellant was placed on ten years’ deferred adjudication. Appellant was required to
check in once a month with his community supervision officer, but failed to report on
July 11, 2008; was ordered to pay $60 per month in supervisory fees, but was $378
in arrears; was ordered to pay court costs of $553 at a rate of $10 per month, but was
$70 in arrears; was ordered to pay laboratory fees for drug testing at a rate of $5 per
month, but was $35 in arrears; was ordered to pay $5 per month to the Sexual Assault
Program Fund, but was $35 in arrears; was ordered to submit to a polygraph
examination on December 29, 2008, but failed to appear; was ordered to participate
in an electronic location monitoring system (“ELM”), but failed to consistently do so;
and had several curfew violations. Hernandez testified in detail concerning the
specific dates and times of appellant’s ELM and curfew violations.


 
          On cross-examination, Hernandez testified that appellant was required to report
to his community supervision officer twice per month and that, in the year since
community supervision began, appellant had timely reported 23 of the 24 times he
was scheduled and that appellant had made some of the required payments.
Hernandez testified that appellant had worn the ELM device, but that appellant’s
telephone had not remained in service. Hernandez testified that the polygraph
examiner had noted in appellant’s file that appellant had failed to appear.
          Jeff Weverka, the community supervision officer assigned to supervise
appellant, testified that appellant understood the conditions he was to abide by
because Weverka discussed with appellant during their visits the importance of
appellant’s compliance with his curfew


 and the ELM. Weverka testified that
appellant had been ordered to wear the ELM beginning August 26, 2008, and that
appellant understood that he was responsible for establishing and maintaining a land-based telephone line at his residence. During the period from August 26th to
September 26th, however, appellant was not monitored because he failed to keep his
telephone line in service. The State acknowledged that damage to power and
telephone lines after Hurricane Ike may have played a role during that period,
however, by September 26, 2008, appellant was being monitored on the ELM. 
Weverka testified that he began to see curfew violations on the monitor in October. 
Appellant asserted that he was unable to get home from work before curfew began.
Weverka offered to ask the court to adjust the curfew time, however, appellant failed
to provide any documentation to support his assertions. Weverka testified concerning
numerous periods during which appellant was either unmonitored or the ELM showed
curfew violations.


 
          Appellant testified that he had, at times, violated his curfew because he rode
multiple METRO bus lines home from work and delays resulted when any one bus
did not run on time. Appellant testified that he did not obtain a functioning phone
line at his residence until September 26, 2008 and that he had, at times, been unable
to pay his telephone bill, which resulted in periods wherein his ELM did not function.
Appellant conceded that he was aware of the consequences of failing to abide by the
terms of his community supervision, but that he had, nevertheless, failed to follow the
terms. Appellant testified that, on December 29, 2008, he arrived for his polygraph
examination, but that a “lady” at the building told him that nobody was there. 
Appellant testified that he walked to a nearby store and called the polygraph examiner
and his community supervision officer, but that neither answered. 
 
 
 
Adjudication of Guilt
A.      Standard of Review
          A trial court’s determination on a motion to adjudicate is reviewable in the
same manner as a determination of a motion to revoke community supervision. Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2008). A revocation
proceeding is neither criminal nor civil in nature; rather, it is an administrative
proceeding. Canseco v. State, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d). At a revocation hearing, the State must prove by a preponderance
of the evidence that the defendant has violated a condition of his community
supervision. Id. at 438–39. Proof of a single violation is sufficient to support a
revocation. Id. at 439.
          Our review of the evidence is limited to determining whether the trial court
abused its discretion by concluding that appellant violated a condition of his
community supervision. Id. We view the evidence in the light most favorable to the
trial court’s judgment. Id. The trial court is the exclusive judge of the credibility of
the witnesses and must determine whether the allegations in the motion to revoke are
sufficiently demonstrated. Id.
B.      Analysis
           The record shows that appellant violated his curfew on numerous occasions
either by returning late or leaving early. The former occurred on October 5, 7, and
8, 2008; November 18, 19, 20, and 25, 2008; and December 2, 3, 5, 16, and 17,
2008. The latter occurred on November 16 and December 3, 2008. In seven
instances, the magnitude of the violation was between forty-five minutes to an hour-and-a-half. At the hearing, appellant conceded that he had failed to follow the
conditions as ordered and, specifically, that he had failed to abide by his curfew. Any
one of the instances in which appellant failed to abide by his curfew is sufficient to
support the trial court’s conclusion that appellant violated the terms of his community
supervision. See id. 
          Appellant asserts that Code of Criminal Procedure article 42.12, section 21(c),
provides an affirmative defense to his curfew violations. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 21(c). Specifically, appellant contends that he proved that he “was
unable to afford private transportation” and that his being forced to depend on public
transportation constitutes an affirmative defense that excuses his curfew violations. 
Appellant contends that the State failed to meet its burden to show that “appellant
could afford dependable transportation, but didn’t.” 
          Section 21(c) provides, in pertinent part, as follows:
In a community supervision revocation hearing at which it is alleged
only that the defendant violated the conditions of community
supervision by failing to pay compensation paid to appointed counsel,
community supervision fees, or court costs, the State must prove by a
preponderance of the evidence that the defendant was able to pay and
did not . . . .”
  
Id. (emphasis added). Not only does section 21(c) not apply in this case because the
State made numerous allegations outside the fees and costs listed, but a curfew
violation is not the type of violation that is subject to section 21(c). See id. 
          We conclude that the trial court could have reasonably concluded by a
preponderance of the evidence that appellant violated the terms of his deferred
adjudication community supervision by violating the curfew imposed. We hold that
the trial court did not abuse its discretion by finding the allegations true and
adjudicating appellant’s guilt.



Conclusion
          We affirm the trial court’s judgment. 

 
                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Higley, and Sharp.
Do not publish. See Tex. R. App. P. 47.2(b).