Opinion issued May 27, 2010














     



In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00743-CR




MAURICIO ALBERTO ALCANTARA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1091006




MEMORANDUM OPINION

          Appellant, Mauricio Alberto Alcantara, without an agreed punishment
recommendation from the State, pleaded guilty to the offense of possession with
intent to deliver a controlled substance, namely, cocaine weighing more than 4 grams
and less than 200 grams.


 The trial court deferred adjudication of appellant’s guilt
and placed him on community supervision for five years. The State subsequently
filed a motion to adjudicate appellant’s guilt, alleging that he had violated the terms
and conditions of his community supervision by (1) committing a new offense of
possession with intent to deliver a controlled substance; (2) failing to submit to drug
and alcohol testing on July 30, 2007; (3) failing to timely participate in a General
Education Development (GED) program; (4) failing to participate in the Community
Service Restitution Program as ordered; (5) failing to complete a drug and alcohol
treatment program; and (6) failing to pay certain fees, fines, and costs. Appellant
pleaded “not true” to the allegations. After a hearing, the trial court found the State’s
allegations to be true, found appellant guilty, and assessed punishment at 15 years’
confinement and a fine of $500.
          In one point of error, appellant contends that “[t]he trial court erred in
overruling the motion to suppress evidence based upon an illegal stop and search of
Appellant and his vehicle.” Based on the substance of his complaint and construing
his brief liberally, as we must, we interpret appellant’s complaint to be that the trial
court abused its discretion by adjudicating his guilt because the State failed to prove
the alleged new offense of possession with intent to deliver a controlled substance. 
See Tex. R. App. P. 38.9.
          We affirm.
BackgroundAt the hearing on the State’s motion to adjudicate, appellant executed a sworn
stipulation of evidence attesting that he was the same person who was placed on five-years’ deferred adjudication in this case on March 5, 2007 and that he had been told,
and that he understood, the conditions he was to abide by under the deferred
adjudication community supervision. Appellant stated to the trial court that he
entered the stipulation of his own free will. The trial court stated that it was taking
judicial notice of its files. 
          The record shows that appellant was ordered, in pertinent part, to submit to
random alcohol and drug analyses; to participate in an intensive outpatient alcohol
and drug treatment program, beginning March 7, 2007; to perform 250 hours of
community service, at a rate of 8 hours per month, beginning April 5, 2007; and to
participate in a GED program, beginning June 5, 2007. In addition, appellant was
ordered to begin, on May 5, 2007, paying a fine of $500 and court costs of $203, at
a rate of $50.00 per month; $50 to Crime Stoppers of Houston, at a rate of $5.00 per
month; and laboratory fees and supervision fees of $5.00 and $25.00 per month,
respectively, for the duration of his term of community supervision.
          Officer G. Cerda of the Harris County Community Supervision and Corrections
Department testified concerning appellant’s violation of several of these conditions. 
Officer Cerda testified that, on March 5, 2007, appellant was placed on five-years’
deferred adjudication community supervision and that appellant was given the
conditions he was to abide by, and that appellant signed a document indicating that
he had read the conditions and that he understood them. Officer Cerda testified in
detail concerning the conditions imposed and testified that appellant had, on July 30,
2007, failed to appear for the required alcohol and drug screening; that he had
completed only 16 hours of community service; that he had been unsuccessfully
discharged from outpatient counseling for failure to attend; and that he had never
enrolled in the GED program. In addition, Officer Cerda testified that appellant had
failed to pay, as ordered, the fees to Crime Stoppers, his laboratory fees, his fine and
court costs, and that appellant was $132 in arrears on his supervision fees. 
          In addition, Detective D. Leal of the Pasadena Police Department (PPD)
testified concerning an incident that occurred on March 18, 2008, in which appellant
was involved in a new drug transaction. According to Officer Leal, the police
department had received an anonymous tip that a drug transaction was to take place
at a Walgreen’s store. Law enforcement surveillance was set up. Detective Leal
testified that he saw appellant drive into the parking lot in a truck and remain in the
truck, looking around. Shortly after, a car pulled into the parking lot and the
passenger got out, went to the trunk, retrieved a blue or black bag, and put it in the
front of the car. Then both vehicles left the parking lot together, with appellant
leading. A few blocks later, two marked units stopped both vehicles. 
          Officer J. Guerra of PPD testified that he stopped the driver of the car because
he was not wearing a seat belt and because he had an expired sticker. Officer Guerra
testified that he found a blue bag on the floor behind the driver’s seat and that inside
the bag was a ball of foil containing plastic bags of what appeared to be cocaine. 
Officer Guerra testified that he did not conduct the traffic stop of appellant. Detective
Leal testified, based on the police report, that appellant was stopped because of traffic
violations.
          Detective Leal testified that he conducted a videotaped interview of appellant
at the police station, during which appellant admitted that he had been involved in a
drug transaction. Specifically, appellant said that “he didn’t have access himself to
get four ounces but he was going to try to broker the deal with another person.” 
Appellant said that he was acting as the intermediary and that he had initiated the
contact between the buyer and seller.
          A chemist with the City of Pasadena Crime Laboratory testified that she tested
the substance in the bag and found it to be cocaine. The total weight of the exhibits
was 111.2 grams. 
          The trial court stated that it found that appellant had “violated the terms and
conditions of the probation,” and it sentenced appellant to 15 years’ confinement.
Adjudication of GuiltA.Standard of Review
          A trial court’s determination on a motion to adjudicate is reviewable in the
same manner as a determination of a motion to revoke community supervision. Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2009). A revocation
proceeding is neither criminal nor civil in nature; rather, it is an administrative
proceeding. Canseco v. State, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d). At a revocation hearing, the State must prove by a preponderance
of the evidence that the defendant has violated a condition of his community
supervision. Id. at 438–39. Proof of a single violation is sufficient to support a
revocation. Id. at 439.
          Our review of the evidence is limited to determining whether the trial court
abused its discretion by concluding that appellant violated a condition of his
community supervision. Id. We view the evidence in the light most favorable to the
trial court’s judgment. Id. The trial court is the exclusive judge of the credibility of
the witnesses and must determine whether the allegations in the motion to revoke are
sufficiently demonstrated. Id.
 
B.      Analysis
          Officer Cerda testified that, as a condition of his deferred adjudication,
appellant was required to submit to random drug and alcohol testing. On July 30,
2007, however, appellant failed to appear and submit to the required testing. In
addition, Officer Cerda testified that appellant had been ordered to complete 250
hours of community service, but that he had completed only 16 hours. Further,
Officer Cerda testified that appellant was unsuccessfully discharged from the required
outpatient counseling for failing to attend and that appellant had never enrolled in the
GED program, as required.
          On cross-examination, Officer Cerda testified that, although appellant had
failed to submit a sample for testing on July 30, 2007, as required, he was contacted
and did come in the next day. Appellant did not, however, challenge the allegation
that he failed to perform community service as ordered, that he failed to participate
in the alcohol and drug treatment program, or that he failed to enroll in the GED
program. Any one of the conditions that appellant failed to abide by is sufficient to
support the trial court’s conclusion that appellant violated the terms of his deferred
adjudication. See id.
          On appeal, appellant contends that “most likely the court revoked Appellant’s
probation because of the new law violation.” Appellant directs us to the trial court’s
comments in the record, which are as follows:
I have to tell you that you —you were given a probation on the first-degree felony. You violated your probation by essentially brokering a
deal that amounted to a first degree felony while you were on probation. 
You had an opportunity and you squandered it. And for that, sir, you’re
going to go to prison. I’m going to sentence you to 15 years.
 
Based on the trial court’s comment, appellant challenges the adjudication of his guilt 
based on the new offense because, he contends, the State failed to carry its burden
with respect to proving this specific violation.
          As the State contends, however, the trial court’s judgment states that the trial
court found the “violations” contained in the State’s motion to adjudicate to be true. 
Any one of the instances in which appellant failed to abide by the conditions imposed
on him is sufficient to support the trial court’s conclusion that appellant violated the
terms of his deferred adjudication community supervision. See id.; Greer v. State, 999
S.W.2d 484, 490 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d). Appellant does
not challenge any of the other grounds for revocation. 
          We conclude that the trial court could have reasonably concluded by a
preponderance of the evidence that appellant violated the terms of his deferred
adjudication community supervision. We hold that the trial court did not abuse its
discretion by finding the allegations true and adjudicating appellant’s guilt.



Conclusion
          We affirm the trial court’s judgment. 
 
                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.
Do not publish. See Tex. R. App. P. 47.2(b).