

**NUMBER 13-11-00656-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CHAD EDWARD MORSE,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

**On appeal from the 260th District Court
of Orange County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza**

Appellant, Chad Edward Morse, appeals from the trial court's revocation of his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23 (West Supp. 2011). By one issue, appellant contends the evidence is insufficient to support the

judgment. Because the trial court did not abuse its discretion, we affirm.[1]

## I. BACKGROUND

On September 8, 2008, pursuant to a plea bargain, appellant pleaded guilty to theft of property with a value of at least $1,500 but less than $20,000, a state jail felony offense. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West Supp. 2011). The trial court accepted appellant's guilty plea, adjudicated him guilty, sentenced him to two years' imprisonment and assessed a $1,500 fine, suspended the prison sentence, and placed him on community supervision for five years.

On March 18, 2011, the State filed a motion to revoke appellant's community supervision, alleging violation of five conditions of probation, to wit: failing to report to his probation officer on numerous occasions; failing to complete community service work as directed; failing to reimburse the Crime Victim's Compensation Fund; and delinquency in probation fees and fine payments. On June 21, 2011, appellant pleaded "true" to each violation. After hearing evidence, the trial court found all of the State's allegations "true," revoked appellant's community supervision, and sentenced him to two years' imprisonment, with credit for time served.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a community supervision revocation hearing, the State need only prove its allegations by a preponderance of the evidence. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)). This standard is met when the greater weight of the credible

---

[1] This appeal was transferred from the Ninth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

evidence creates a reasonable belief that the defendant violated a condition of probation as the State alleged. *In re B.C.C.*, 187 S.W.3d 721, 724 (Tex. App.—Tyler 2006, no pet.) (citing *Cobb*, 851 S.W.2d at 873); *see also In re M.A.H.*, No. 13-07-426-CV, 2008 Tex. App. LEXIS 6864, at *3–4 (Tex. App.—Corpus Christi Aug. 28, 2008, no pet.) (mem. op.). Appellate review of an order revoking community supervision is limited to a determination of whether the court abused its discretion. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Proof of a single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *Id.*

The trial court is the trier of facts in a revocation proceeding and the sole judge of the credibility of witnesses and the weight to be given to their testimony. *Id.* We examine the record of the revocation proceeding in the light most favorable to the trial court's ruling. *Id.*

### III. DISCUSSION

By his only issue, appellant contends that the evidence was insufficient to support the trial court's decision to revoke his probation. Although appellant pleaded true to the State's allegations, he argues there was "just cause" for the violations such that the trial court should have allowed him to remain on probation. Without citation to authority, he asks this Court to look to the "reasoning behind why" he did not report to his probation officer. Even if we were to accept appellant's argument, his failure to report to his probation officer is only one of the violations alleged. Appellant pleaded true to all of the violations. Because a single violation is sufficient to support a trial court's decision to revoke, we cannot say the trial court abused its discretion. *See id.*

3

We overrule appellant's sole issue.

## IV. Conclusion

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
Tex. R. App. P. 47.2(b)

Delivered and filed the
19th day of July, 2012.

4