**Opinion issued October 3, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. No. 01-12-00400-CR

_____

## RACHEL MARIE HARVEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1292026**

_____

## MEMORANDUM OPINION

Rachel Marie Harvey challenges the trial court's adjudication of her guilt

following the trial court's finding that she violated two terms of her community

supervision put in place after she plead guilty to possession of marijuana in an

amount more than four ounces and less than five pounds.[1] The trial court assessed punishment at two years' confinement. In two issues, Harvey contends the trial court abused its discretion in finding (1) Harvey committed a new offense of assault because the conduct alleged by the State was justified and (2) Harvey used marijuana because the finding rested on judicial—rather than adversarial—questioning. We affirm.

## Background

Harvey plead guilty to possession of marijuana in an amount more than four ounces and less than five pounds. Pursuant to a plea bargain, Harvey was given two years' deferred-adjudication community supervision. The State moved to adjudicate guilt, alleging five violations of Harvey's community supervision terms. Harvey plead "not true" to each allegation. After an evidentiary hearing, the trial court found that Harvey had violated the terms of her community supervision by committing a new offense of assault and using marijuana. Because this appeal relates to the two violations found true by the trial court, we limit our recitation of the evidence to the facts surrounding these findings.

The State's motion to adjudicate guilt alleged that Harvey violated the terms of her community supervision by "[c]ommitting an offense against the State of Texas, to-wit: . . . [Harvey] . . . unlawfully intentionally and knowingly cause[d]

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (West 2009).

bodily injury to DIANE JOHNSON . . . by STRIKING [Johnson] with her hand."

Johnson and Harvey testified about the alleged assault at the adjudication hearing.

Their testimony conflicted.

Johnson testified that she was driving during her lunch break and attempted to make a U-turn on a busy street. Behind her, Harvey drove in a manner that Johnson felt was unsafe. Johnson turned into an apartment complex to get away from Harvey. At the same time, Harvey pulled up to the side of Johnson's vehicle and attempted to pass, but instead entered the apartment complex behind Johnson. Johnson slowed her vehicle to pass over speed bumps in the apartment complex parking lot. Johnson testified that she slowed and Harvey passed her "at top speed." The two vehicles nearly collided. Harvey, who lived in the apartment complex, parked her vehicle. Johnson followed Harvey to her parking space in order to "tell her to slow down because there's a ton of kids that run around there." According to Johnson, as she got out of her vehicle to talk to Harvey, Harvey ran at her. Before she could say anything, Harvey hit Johnson's face with her fist. The two women then fought until a delivery truck driver who happened on the scene was able to separate them. Johnson suffered abrasions, contusions, and a fractured jaw. Harvey received minor cuts and bruises on her face and legs.

According to Harvey, after failing to pass Johnson before they entered the apartment complex, she veered around Johnson in the parking lot because she

3

believed Johnson had intentionally stopped her vehicle near the speed bumps "as if to, like, give me some kind of attitude because she didn't like that I tried to go around her." Harvey testified that Johnson followed her and then parked behind her vehicle, blocking it in a parking space. Johnson exited her vehicle and began to cuss at Harvey. Harvey testified that, after she got out of her vehicle, Johnson raised her hand "as if she was going to hit me." Harvey acknowledged throwing the first punch, but she maintains that she acted in self-defense.

The State also presented evidence that Harvey had violated a condition of her community supervision prohibiting use, possession, or consumption of controlled substances. Specifically, the State presented evidence that Harvey failed a drug test administered in connection with the criminal proceeding that resulted from her altercation with Johnson.

## Commission of New Offense

In her first issue, Harvey argues that the trial court erred in finding that she committed a new crime because the State did not prove beyond a reasonable doubt that her assaultive conduct was not justified by self-defense.

We review the trial court's determination that Harvey violated the terms of her community supervision for abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling and bearing in mind that the trial judge is the trier of fact and the arbiter of the witnesses' credibility. *See Rickels v.*

4

*State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Duncan v. State*, 321 S.W.3d 53, 56−57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

## A. State's burden of proof

Harvey's argument raises a threshold question about the burden of proof in adjudication hearings. On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to "a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012). This determination is reviewable in the same manner as a revocation hearing in a case in which an adjudication of guilt has not been deferred. *Id.* In a revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated the terms of her community supervision. *Rickels*, 202 S.W.3d at 763−74; *Canesco v. State*, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Harvey asserts that the same burden of proof—the preponderance-of-the-evidence standard—should not apply in an adjudication hearing because the defendant has not yet been found guilty. According to Harvey, the State should be required to prove the allegations in its motion to adjudicate guilt beyond a reasonable doubt.

The Court of Criminal Appeals recently reaffirmed that revocation hearings and adjudication hearings should be governed by the same rules. *See Leonard v.*

5

State, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012) (op. on reh'g). The Court reasoned:

> When a defendant is placed on deferred adjudication community supervision, he pleads guilty, but the trial court defers any adjudication of guilt. If the defendant is found to be in violation of the terms of his community supervision, the trial court may proceed to adjudicate him guilty in accord with his plea. Thus in such cases the hearing on whether the defendant violated the terms of community supervision may be called an "adjudication hearing," but it is governed by the same rules as a hearing to revoke community supervision and is, in practical terms, a hearing on whether to revoke the defendant's deferred adjudication community supervision.

*Id.* We therefore hold that the trial court did not err when it applied the preponderance-of-the-evidence standard.

## B. Credibility of witnesses

The State's motion alleged that Harvey "unlawfully intentionally and knowingly cause[d] bodily injury to DIANE JOHNSON . . . by striking [Johnson] with her hand." Johnston testified that she was attempting to speak with Harvey about the manner in which she was driving when Harvey "came flying out of her car" and "started pummeling [Johnson] in the face" before Johnson could say anything. Johnson expressly denied having raised her hand as if to hit Harvey before Harvey punched her.

Although Harvey's testimony raised the issue of self-defense, the evaluation of the witnesses' credibility was a matter for the trial court's judgment, and the trial court was free to weigh the testimony presented and determine one witness to

6

be more reliable than the other. *See Rickels*, 202 S.W.3d at 763–64. We will not substitute our collective judgment for the decision of the trial court. *See Garrett v. State*, 619 S.W.2d 172, 175 (Tex. Crim. App. 1981). On this record, we hold that the trial court did not abuse its discretion in revoking Harvey's community supervision and adjudicating her guilt. *See Rickels*, 202 S.W.3d at 763−64.

Accordingly, we overrule Harvey's first issue.[2]

### Conclusion

Having concluded that the trial court did not abuse its discretion in revoking Harvey's community supervision and adjudicating her guilt, we affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[2] Because proof of a single violation is sufficient to support a revocation of community supervision, we do not reach Harvey's second issue challenging the trial court's finding that she violated the terms of her community supervision by using marijuana.  *See Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Canseco v. State,* 199 S.W.3d 437, 439–40 (Tex. App.—Houston [1st Dist.] pet. ref'd).