**Opinion issued December 16, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-14-00155-CR**

_____

**CHRISTUN GIBSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1382481**

---

**MEMORANDUM OPINION**

After finding that Christun Gibson violated the terms of his deferred–adjudication community supervision by committing the offense of failing to stop at the scene of an accident, a trial court adjudicated him guilty of injury to an elderly

person. The court assessed his punishment at eight years' confinement. On appeal, Gibson contends that the State's evidence at the adjudication hearing is legally insufficient to prove that Gibson committed a new violation of the law. Specifically, he contends that the evidence is insufficient to prove that he (1) failed to remain at the accident scene until providing his name and address to the complainant and (2) failed to stop his vehicle at the scene or as close to the scene as possible. We conclude that sufficient evidence supports the trial court's order and therefore affirm.

## Background

In April 2013, Gibson pleaded guilty to the felony of injury to an elderly person, stemming from an incident earlier that year. The trial court deferred adjudication and placed Gibson on three years' community supervision. A condition of Gibson's community supervision required him to commit no new offenses against the State of Texas.

In June 2013, Gibson was driving along the service road of the Sam Houston Tollway. His car hit a bicyclist in the right lane of the service road. The bicyclist sustained severe injuries, including four broken vertebrae and a fractured pelvis.

In November 2013, the State moved to adjudicate guilt and revoke Gibson's community supervision. The State alleged that, (1) while driving and operating a vehicle, (2) Gibson was involved in an accident resulting in serious bodily injury to

2

the complainant, and (3) Gibson intentionally and knowingly failed to stop his vehicle at the scene of the accident or as close to the scene of the accident as possible, failed to return to the scene, and failed to remain at the scene until the he had provided his name and address.

Sergeant Howard, a police officer with the Houston Police Department, was off duty when he witnessed the incident. At the adjudication hearing, he testified that Gibson continued driving after hitting the bicyclist, began changing lanes, and appeared to accelerate. Officer Howard did not observe Gibson braking. Believing that Gibson was leaving the scene, Howard blocked the service road U-turn lane with his car, and other traffic blocked the remaining lanes. Gibson's car stopped after Howard blocked the last open lane. Howard believes that Gibson stopped his car only because Howard and other traffic obstructed the road.

Officer Howard exited his car and approached Gibson's car, opening Gibson's car door. Gibson made no statements to Officer Howard and did not mention or ask about the incident. Soon after, a Harris County police unit approached the scene and took Gibson into custody.

In Howard's opinion, the flow of traffic at the time would have allowed a driver to stop shortly after the point of impact; thus, Gibson failed to stop when he could have.

Officer Lopez, the crash investigator assigned to the case, testified that the distance Gibson traveled from the point of impact to the point where Gibson eventually stopped was 540 feet. Officer Lopez testified that the length of this distance indicated that the driver did not intend to stop at the accident scene. He testified that Gibson could have stopped safely once he struck the bicyclist.

In contrast, Gibson testified at the hearing that he did not see what he had hit at first, but eventually saw the bicyclist in his rearview mirror. Officer Howard did not have to force Gibson to stop; instead, he stopped when he reached a safer place, after the light ahead on the service road turned red. He stopped in the center lane because a stalled car was also in that lane and that it would have been unsafe to stop in the right lane where he had hit the cyclist; he did not stop immediately because he thought it would cause another collision.

Gibson also contradicted Officer Howard's testimony that he had changed lanes rapidly after colliding with the bicyclist; he denied that Officer Howard was the first person at the scene to contact him. Gibson did not remember Officer Howard being present at the scene. Gibson stated that Officer Howard lied about having to block Gibson's path.

## Discussion

## I. Sufficiency of the evidence

*Standard of review*

To revoke community supervision given in a deferred adjudication, the state must prove by a preponderance of the evidence that a defendant violated a condition of the community supervision agreement. *Hacker v. State*, 389 S.W.3d. 860, 864–65 (Tex. Crim. App. 2013). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision agreement]." *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006) (*quoted in Hacker*, 389 S.W.3d at 865).

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763 (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). We view the evidence in the light most favorable to the trial court's order. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006). The trial court is the exclusive judge of the credibility of the witnesses and the weight of their testimony. *Hacker*, 389 S.W.3d at 865; *Canseco*, 199 S.W.3d at 439.

*Analysis*

The Texas Transportation Code provides that the operator of a vehicle involved in an accident that results in injury shall:

(1)  immediately stop the vehicle at the scene of the accident or as close to the scene as possible;

(2)  immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and

(3)  remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 1, sec. 550.021(a) (amended 2013) (current version at TEX. TRANSP. CODE ANN. § 550.021(a) (West 2013).

Gibson argues that the State did not prove that he failed to stop as close to the scene as possible.  He observes that the road had no shoulder, the traffic was heavy, and he was unaware at first of what happened.  He further notes that he stopped at the nearest light.  He disputed that Howard was present at the scene of the accident.

But Officers Howard and Lopez testified differently.  Howard testified that Gibson accelerated and changed lanes after the collision rather than hesitating or stopping, and Gibson continued driving past a point where he could have stopped safely.  Gibson only stopped once Howard blocked him from driving onward.

Lopez testified that Gibson could have stopped, even in heavy traffic, at a shorter distance than 540 feet away from the collision.

Although Gibson disputed the State's testimony, we defer to the trial court's credibility determinations. *See Hacker*, 389 S.W.3d at 868 ("Given the deferential nature of a sufficiency review, we accept the trial court's decision to believe the probation officer's description of appellant's statements to her rather than the testimony of appellant and his wife."). The trial court could reasonably find that the greater weight of the credible evidence supported a finding that Gibson failed to stop as close to the scene of the accident as possible.

Gibson also contested the State's contention that he failed to remain at the scene to provide his name and address to the complainant. We affirm the revocation of community supervision if proof exists for at least one allegation. *Canseco,* 199 S.W.3d at 439. Because the trial court's finding that Gibson failed to stop his vehicle as close as possible to the scene of the accident is sufficient to support the trial court's revocation of community supervision, we need not consider whether the State provided sufficient evidence that Gibson failed to remain at the scene to provide his name and address.

## Conclusion

We hold that the trial court acted within its discretion in revoking Gibson's community supervision and adjudicating him guilty of injury to an elderly person. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. *See* TEX. R. APP. P. 47.2(b).