# NO. 12-20-00158-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CODY WAYNE ISBELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

This is an appeal from the trial court's judgment revoking Cody Wayne Isbell's community supervision, adjudicating him guilty of burglary of a habitation, and sentencing him to confinement for fifteen years. Appellant contends the evidence is insufficient to support the revocation of community supervision. We affirm.

### BACKGROUND

On August 6, 2015, Appellant pleaded guilty to burglary of a habitation. Pursuant to a plea bargain agreement, the trial judge deferred an adjudication of guilt and placed the Appellant on community service for ten years. On September 5, 2018, the State filed its motion asking the court to proceed with an adjudication of guilt and sentencing. In its motion, the State alleged Appellant violated the conditions of his community supervision by committing the offense of driving while intoxicated and by failing to report his arrest for that offense to his community supervision officer within forty eight hours. On October 8, 2019, the State filed its First Amended Motion to Proceed with Adjudication of Guilt and Sentence. In its motion, the State alleged the following four violations of the conditions of Appellant's community supervision:

> 1)  that on June 2, 2018, Cody Wayne Isbell committed the offense of driving while intoxicated;

2) that he failed to report his DWI arrest within forty eight hours to his community supervision officer;
3) that on August 3, 2018, Appellant assaulted his brother causing serious bodily injury; and
4) that on August 3, 2018, he interfered or prevented Jacqueline Isbell from placing an emergency telephone call to a law enforcement agency.

The trial court, per agreement of the parties, heard the evidence regarding the alleged aggravated assault during the jury trial for that offense. A jury found Appellant guilty of the aggravated assault on October 8, 2019. Thereafter, the trial court heard the evidence related to the other violations on June 3, 2020 by Zoom.

The trial court did not find the allegation that Appellant committed DWI to be "true." The trial court found the allegations of failure to report the DWI arrest, the aggravated assault charge, and the interference with an emergency call all "true," adjudicated Appellant's guilt, and sentenced him to confinement for fifteen years in the Texas Department of Criminal Justice-Institutional Division. This proceeding followed.

## SUFFICIENCY OF THE EVIDENCE

In his only issue, Appellant contends the evidence is insufficient to support the trial court's findings of "true."

### Standard of Review

Appellate review of an order adjudicating guilt and revoking community supervision is limited to determining whether the trial court abused its discretion in finding that the defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The appellate court views the evidence in the light most favorable to the trial court's order. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

### Applicable Law

To revoke community supervision, the State must prove by a preponderance of the evidence that the defendant violated a condition of his community supervision. *Id*. at 438. The State satisfies this burden if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision as alleged. *Solis v. State*, 589 S.W.2d 444, 447 (Tex. Crim. App. 1979). Proof of a single violation is sufficient to support

revocation. **Greer v. State**, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

**Analysis**

The trial court found three of the four violations alleged in the State's motion for adjudication of guilt and sentencing to be "true." Appellant insists that none of the allegations are supported by sufficient evidence to justify revocation of community supervision.

The trial court declined to find "true" the first violation alleged, that Appellant committed DWI. However, the trial court found the allegation to be "true" that Appellant failed to report his arrest to his community supervision officer within forty eight hours of his arrest. Texas State Trooper Leonard Sandifer testified that he arrested Appellant for DWI on June 2, 2018. Appellant's community supervision officer told the court that Appellant never contacted him regarding the arrest, as he was required to do under the conditions of his community supervision. Appellant offered no evidence to contradict this testimony.

The State's third allegation in its motion to proceed to adjudication and sentencing stated that Appellant committed the offense of aggravated assault on a family member. With the agreement of the parties, the trial court heard evidence regarding this allegation in conjunction with the jury trial for this offense. The evidence showed that Appellant, with no more than verbal provocation, viciously assaulted his brother using his hands and feet as deadly weapons, causing life threatening bodily injuries. The jury found Appellant guilty beyond a reasonable doubt. At the subsequent revocation hearing, the trial court found this allegation "true."[1]

The trial court also found the allegation "true" that Appellant knowingly interfered with or prevented Jacqueline Isbell's ability to make an emergency call to a law enforcement agency in violation of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 42.062(a) (West 2016). Jacqueline testified that after Appellant, in a rage, destroyed many objects in her home. Appellant grabbed her phone from her and threw it when she attempted to call 9-1-1. She had to go to a neighbor's house to call for help. Her testimony was uncontradicted.

The State must prove the allegations of the violation of the conditions of probation by a preponderance of the evidence. **Canseco**, 199 S.W.3d at 438-39. In this case, the evidence supporting two of the allegations was uncontradicted. The third, the aggravated assault, was

---

[1] Appellant appealed that conviction urging the insufficiency of the evidence. We affirmed the conviction. *See* **Isbell v. State**, No. 12-20-00157-CR (Tex. App.—Tyler May 28, 2021) (mem. op., not designated for publication).

proven beyond a reasonable doubt.  Proof by a preponderance of the evidence of only one of the violations would support revocation.  ***Greer***, 999 S.W.2d at 486.  The trial court did not abuse its discretion in finding the allegations supported by a preponderance of the evidence to be "true," revoking community supervision, adjudicating Appellant guilty, and sentencing him to fifteen years in the Texas Department of Corrections-Institutional Division.  Appellant's issue is overruled.

## DISPOSITION

Because we overrule Appellant's only issue, the judgment is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered May 28, 2021.
*Panel consisted of Hoyle, J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 28, 2021**

**NO. 12-20-00158-CR**

**CODY WAYNE ISBELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-15-32103)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*