Opinion issued May 27, 2010.

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In
The

Court
of Appeals

For
The

First
District of Texas

————————————

NO. 01-09-00008-CR

———————————

Lawrence Lezado Below, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 262nd
District Court 

Harris County, Texas



Trial
Court Case No. 1094369

 



 

MEMORANDUM OPINION

             
On
April 25, 2007, appellant agreed to a plea-bargain for the felony offense of
aggravated assault.[1] 
The trial court deferred adjudication of appellant’s guilt for five years, placed
him on community supervision, and assessed a $500 fine. 
On November 4, 2008, the State filed a motion to adjudicate guilt.  On
December 4, 2008, the trial court held a hearing and adjudicated appellant
guilty.  The
trial court assessed punishment at 10 years’ imprisonment.  In two points of
error, appellant argues that (1) the evidence was legally insufficient to
support his adjudication of guilt and (2) he received ineffective assistance of
counsel. 

We
affirm. 

BACKGROUND 

 

On
February 9, 2007, the State indicted appellant for aggravated assault.  On
April 25, 2007, appellant entered a plea of guilty,
and the trial court deferred 
adjudication of guilt for five years, assessed a $500 fine,
and placed him on community supervision.  Appellant’s community
supervision was conditioned on his compliance with 24 requirements, including
conditions that he (1)
not break any laws; (2) report
to a probation officer monthly; (3)
make payments to the court and local charities; and (4)
perform 10 hours of community service per month until he had completed 200
hours.

On
November 4, 2008, the State filed a motion to adjudicate guilt.  The State
alleged that appellant had violated seven conditions of his community
supervision, including (1) breaking the law by abusing animals; (2) failing
to report to his probation officer in December 2007; (3) falling behind in the
payment of several different fines and fees; and (4) failing to perform his
community service hours as required.

On
December 4, 2008, the trial court held a hearing on the State’s motion to
adjudicate appellant’s guilt.  At
the hearing, the State called Janie Hernandez, the court’s liaison officer with
the probation office, and Shawna Sandberg, an animal cruelty investigator with
the Houston SPCA.  Appellant and his wife testified in his defense.

Hernandez
testified that appellant violated the terms of his community supervision by
being charged with cruelty to animals, failing to report to his probation
officer in December 2007, falling behind in the payment of fines and fees, and
not completing his community supervision as required.  On
cross-examination, she testified that, by the time
of the hearing,
appellant might
have rectified most of these issues, but that he could not have cured his
failure to report to his probation officer in December 2007. 

Shawna
Sandberg testified that,
on July 8, 2008, she was dispatched to investigate a claim of animal
cruelty.  She went to appellant’s home and found four pit-bull dogs inside
a kennel that was approximately two feet by three feet.  They had no food
or water available to them and were in poor physical condition.  After
obtaining a warrant, she returned to appellant’s home with a constable and
seized the dogs.  The four dogs were later euthanized due to their poor
physical condition and the fact that the breed is not easily adoptable. 
Appellant was charged with cruelty to animals. 

Appellant
testified that he was in Houston at the time of the seizure of the dogs and
that his wife had put them into the kennel.  He further testified that he
was responsible for the dogs.  He admitted that he did not report to his
probation officer in December 2007 because he was working overtime, but he testified
that instead he called his probation officer on January 4, 2008. 
Appellant also admitted that he had not made all the payments he was supposed
to have made under the conditions of his community supervision and that he had
fallen behind in the completion of his community service hours, but he claimed
that his payments and community service hours were current as of the time of the
hearing.  Appellant’s wife testified that she put the dogs in the kennel
and that appellant was in Houston on the day that the dogs were seized.

The
trial court found that the testimony of appellant and his wife lacked
credibility, adjudicated appellant guilty of the original assault charge, and
assessed his punishment at 10 years’ imprisonment.  At the conclusion of
the sentencing, the trial court allowed appellant to make a brief statement, in
which he indicated that he did not believe he had received effective assistance
of counsel.  Appellant claimed, “ . . . I don’t think I was represented
correctly. But due to the circumstances at the time, I had to take what I had
to take because [] my attorney told me that’s what I [was] supposed to do.” 
Appellant did not file a motion for a new trial.  This appeal
followed.  

LEGAL
SUFFICIENCY 

In
his first issue, appellant contends that the evidence is legally insufficient
to sustain his adjudication of guilt. 

A.  
   Standard
of Review 

A
revocation proceeding is an administrative proceeding, and in a revocation
proceeding, the State must prove by a preponderance of the evidence that a
defendant has violated a condition of his community supervision.  Rickels v. State, 202 S.W.3d 759, 763­­–64 (Tex.
Crim. App. 2006); Canseco v. State,
199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  A
showing of “a single violation is sufficient to support a revocation.”  Canseco, 199 S.W.3d at 439.  We
review a trial court’s determination to revoke community supervision for an
abuse of discretion.  Id. 
We view the evidence in the light most favorable to the trial court’s
decision.  Id.  “The trial
court is the exclusive judge of the credibility of the witnesses and [it] must
determine whether the allegations in the motion to revoke are sufficiently
demonstrated.”  Id. 

B.      Discussion
   

Appellant
and Hernandez testified that appellant failed to meet with his probation
officer in December 2007.  Additionally, the evidence indicated that
appellant had not performed his community service “at the rate of 10 hours per
MONTH” as required by the conditions of his community supervision.  Therefore, the trial court had sufficient
evidence to find that appellant violated the conditions of his community
supervision.  See id. (holding that one
violation of condition of community supervision is sufficient to support revocation). 
We
conclude that the trial court did not abuse its discretion in finding that
appellant had violated the terms of his community supervision.  

We
overrule appellant’s first point of error. 

INEFFECTIVE
ASSISTANCE OF COUNSEL 

             
In his second issue, appellant contends that his
testimony at his revocation hearing was involuntary because his trial counsel
advised him to lie on the stand about where he was on the day that his dogs
were seized, failed to object to hearsay testimony, failed to investigate the
facts of the case, and failed to advise him of the consequences of entering a
plea of “not true” to the allegations that he had violated the conditions of
his community supervision. 

A.  
   Standard
of Review 

To prevail
on a claim of ineffective assistance of counsel, an appellant must show that
his trial counsel’s performance was deficient and that a reasonable probability
exists that, but for the deficiency, the result of the proceeding would have
been different.  Strickland
v. Washington, 466 U.S. 668, 687, 694,
104 S. Ct.
2052, 2064, 2068 (1984).  The
first prong of the Strickland test
requires that the defendant show that counsel’s performance fell below an
objective standard of reasonableness.  Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
This does not require a showing that counsel’s representation was without
error.  See Robertson v. State,
187 S.W.3d 475, 483 (Tex. Crim. App. 2006).  Isolated
errors do not render counsel’s performance ineffective.  Id.  “When handed the task of
determining the validity of a defendant’s claim of ineffective assistance of
counsel, any judicial review must be highly deferential to trial counsel and
avoid the deleterious effects of hindsight.”  Thompson, 9 S.W.3d at 813.  The second prong requires the
defendant to show a reasonable probability that, but for his counsel’s
unprofessional errors, the result of the proceeding would have been different.  See
Strickland, 466 U.S. at 694, 104 S. Ct.
at 2068; Thompson, 9 S.W.3d at 812.  Because
the reviewing court must indulge a strong presumption that counsel’s conduct
falls within the wide range of reasonable professional assistance, the
defendant must overcome the presumption that, under the circumstances, the
challenged action “might be considered sound trial strategy.”  Strickland,
466 U.S. at 689, 104 S. Ct. at 2065. 

Any
allegation of ineffectiveness must be firmly founded in the record, which must
affirmatively demonstrate the alleged ineffectiveness.  Thompson,
9 S.W.3d at 813.  We will
not speculate to find trial counsel ineffective when the record is silent on
counsel’s reasoning or strategy.  See
Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994);
Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.—Houston
[1st Dist.] 1996, no pet.).  In
rare cases, however, the record can be sufficient to prove that counsel’s performance
was deficient, despite the absence of affirmative evidence of counsel’s
reasoning or strategy.  See
Robinson v. State, 16 S.W.3d 808, 813
n.7 (Tex. Crim. App. 2000).
 Such
cases are limited to occasions where no reasonable attorney could have made
such a decision.  Weaver
v. State, 265 S.W.3d 523, 538
(Tex. App.—Houston
[1st Dist.] 2008, pet. ref’d).  An appellant’s brief must contain a “clear
and concise argument for the contentions made, with appropriate citations to
authorities and the record” or he has not presented a proper argument for
appellate review.  Tex. R. App. P.
38.1(i).  

When,
as here, an appellant does not file a motion for new trial that would have
afforded trial counsel an opportunity to explain his strategy and no direct
evidence in the record establishes why appellant’s attorney acted as he did, we
presume that counsel had a plausible reason for his actions.  See
Thompson, 9 S.W.3d
at 814. We review the record to determine whether this is one of those rare
cases where no reasonable attorney could have made the decisions complained of
in this appeal. See id.

 

 

B.  
   Analysis 

Appellant
contends that his counsel was ineffective because she advised him to lie on the
stand by testifying that he was in town on the day Sandberg seized the dogs, she failed to
investigate the facts of his case, and she failed to
advise him of the consequences of entering a plea of not true to the
allegations that he had violated the conditions of his community
supervision.  

Appellant
and his wife both testified that he was in Houston on the day on which the dogs
were seized.  He testified on direct examination from his trial counsel
that he left his home on the morning of July 8, 2007 and that he returned home
around 8:00 p.m.  Further, during direct and cross-examination,
appellant’s counsel asked questions that indicated that she understood the
basic facts and issues of the case.  Lastly, on April 5, 2007, appellant
signed admonishments before entering the plea-bargain that he faced a prison
term of not less than 2 years or more than 20 years if his guilt was
adjudicated. 
The record does not indicate in any way that
appellant testified untruthfully, that his counsel encouraged him to lie on the
stand, that counsel was unprepared for the hearing, or that counsel failed to
advise appellant of the consequences of pleading “not true” to the allegations
in the State’s motion to revoke.  Appellant
fails to support any of these allegations with citations to the record. 
Thus, appellant’s allegations on these grounds are not firmly founded in the
record.  See id. at 813 (holding that
allegations of ineffective assistance of counsel must be firmly supported by
record); see also Tex. R. App.
P. 38.1(i) (providing that appellant’s brief must contain appropriate citations
to authorities and record or he has not presented proper argument for appellate
review). 

Appellant
also contends that his trial counsel was ineffective for failing to object to
Sandberg’s hearsay testimony. Appellant directs us to a single statement by
Sandberg, in which she stated, “We spoke with a neighbor.  They said they
hadn’t seen anybody at the property for at least four days.”  Appellant’s
counsel did not object to this statement, but made several other objections to
Sandberg’s testimony.  Appellant has not shown that his trial counsel did
not have a sound reason or strategy behind this failure to object.  See Jackson,
877 S.W.2d at 771 (holding that when record is silent on counsel’s reasoning or
strategy, appellate courts presume that counsel had valid reason or strategy
for his actions).  We
conclude that appellant has failed to show that
counsel acted unreasonably in failing to object to this testimony. 

We
overrule appellant’s
second issue. 

 

 

 

 

CONCLUSION 

          We affirm
the judgment of the trial court. 

  

  

           
               
               
               
               
               
               
       
             
             
             
             
             
           Evelyn V. Keyes 

                                                          Justice                                               
             
                
               
               
               
               
               
            

Panel consists of Justices Keyes, Hanks, and
Higley. 

Do not publish.  Tex. R. App. P. 47.2(b). 

 

  











[1]               See Tex.
Penal Code Ann. § 22.02
(Vernon 2003) (providing elements for aggravated assault).