Opinion issued January 13, 2011

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.
01-09-00797-CR

____________

 








LATONYA PATRICE WEBB, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 1134211

 

 



MEMORANDUM OPINION

          Appellant Latonya Patrice Webb pleaded
guilty to the felony offense of retaliation against a public servant.  See Tex. Penal Code Ann. §36.06 (Vernon
Supp. 2010).  The trial court sentenced Webb
to 4 years’ confinement, suspended her sentence, and assessed 4 years’
community supervision.  After finding
that she violated the terms of her supervision, the trial court revoked Webb’s
community supervision and assessed punishment at three years’ confinement.  On appeal, Webb contends (1) the evidence is
legally insufficient to show she violated her supervision by committing the
offense of robbery; (2) she received ineffective assistance of counsel at the
revocation hearing; and (3) the trial court abused its discretion in assessing
three years’ confinement.  We affirm the
judgment of the trial court.

Background

          The terms of Webb’s supervision
forbade her from committing any criminal offense and required her to perform
200 hours of community service at a rate of eight hours per month.  The court also directed Webb to pay a fine
and court costs totaling $1025 at the rate of $40 per month in addition to
several other fees.  

          In its motion to revoke Webb’s
community supervision, the State alleged that she violated her supervision by
committing the offense of robbery, not completing her community service at the
specified rate, and failing to pay any of the mandated fees.  Webb pleaded true to the allegation that she
failed to pay her fine and court costs, but pleaded not true to all the other
allegations.  At its hearing on the
State’s motion, the trial court heard testimony that Webb assisted her son in
shoplifting and assaulting a store owner. 
Webb’s probation officer testified that Webb had completed 46.5 hours of
community service, but she had injured her shoulder and was unable to return to
service for a few months.  Although Webb
received a doctor’s approval to return to service, she never completed more
hours.  The officer also testified that
she fully explained the community supervision requirements to Webb.  The trial court found true the State’s
allegations of robbery and Webb’s failure to perform community service at the
proper rate.  It accepted Webb’s
admission that she failed to pay her fine and court costs.  The trial court revoked Webb’s community
supervision and assessed three years’ confinement.

Sufficiency of the Evidence 

          In her first issue, Webb argues that
the trial court abused its discretion in revoking her community supervision
because the State presented insufficient evidence to support the trial court’s
finding that she had committed the offense of robbery.  In a revocation
proceeding, the State must prove by a preponderance of the evidence that a
defendant has violated a condition of his community supervision.  Rickels v. State, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006).  Showing “a single violation is sufficient to
support a revocation.”  Canseco v.
State, 199 S.W.3d 437, 439
(Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  We review a trial court’s determination to
revoke community supervision for an abuse of discretion and view the evidence
in the light most favorable to the trial court’s decision.  Id.  “The trial court is the
exclusive judge of the credibility of the witnesses and [it] must determine
whether the allegations in the motion to revoke are sufficiently
demonstrated.”  Id.

          Here,
Webb only challenges the trial court’s findings that she committed the offense
of robbery and failed to pay her fine and court costs.  However, the trial court also found the
allegation true that Webb had failed to complete her community service at the
required rate.  The trial court heard
evidence that Webb completed no service hours in the seven months after she
received her doctor’s approval to return to service.  Webb presented no evidence to contradict her
probation officer.  A trial court may
revoke community supervision based upon a single violation, including the
violation of monthly community service requirements.  See id.  Therefore, we need not address the
sufficiency of the evidence supporting other grounds for revoking Webb’s
community supervision, including the robbery finding.  Accordingly, we hold that the trial court
did not abuse its discretion in revoking Webb’s community supervision.  We overrule her first issue.

Ineffective Assistance of Counsel

In her
second issue, Webb contends she received ineffective assistance of counsel
because her attorney did not present an affirmative defense of indigence for
her failure to pay her fine and court costs. 
To show
ineffective assistance of counsel, a defendant must demonstrate both (1) that
counsel’s performance fell below an objective standard of reasonableness; and
(2) that there is a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. Strickland
v. Washington, 466 U.S.
668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101–02 (Tex. Crim. App.
2005).  A defendant has the burden to
establish both of these prongs by a preponderance of the evidence, and a
failure to make either showing defeats his ineffectiveness claim.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002).  

We presume
that counsel’s conduct falls within the wide range of reasonable professional
assistance, and we will find counsel’s performance deficient only if the
conduct is so outrageous that no competent attorney would have engaged in it.  Andrews, 159 S.W.3d at 101.  Any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson
v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  When the record
is silent as to counsel’s strategy, we will not speculate as to the reasons
behind counsel’s actions.  See Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.—Houston [1st Dist.] 1996, no pet.). 


Here, the
record is silent as to counsel’s reasons for not raising an indigency
affirmative defense.  The record is also
silent as to any advice she gave Webb with regards to pleading true.  Webb has the burden to overcome the
presumption that her counsel’s conduct fell within the range of reasonable
professional assistance.  See Andrews, 159 S.W.3d at 101; see also Mitchell, 68
S.W.3d at 642.  Finding her counsel
ineffective on this record would require impermissible speculation.  See
Godoy v. State, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003,
pet. ref’d) (holding counsel not ineffective for failure to raise mental
incompetence defense at revocation hearing when record silent on counsel’s rationale).   We hold Webb did not show she received
ineffective assistance of counsel.  We
overrule her second issue.

Excessive Punishment

In her
third issue, Webb argues that the trial court abused its discretion by
sentencing her to confinement for three years because the sentence is excessive
and disproportionate with regard to her failure to complete her monthly
requirement for community service.  However, a defendant must make a timely
request, objection, or motion and receive an adverse ruling to preserve
complaints regarding punishment on appeal. 
See Tex. R. App. P. 33.1; see
also Curry v. State, 910 S.W.2d 490, 497–98 (Tex. Crim. App. 1995).  Webb neither objected at sentencing nor
raised the issue in a motion for new trial and therefore failed to preserve the
issue for appellate review.  

Regardless,
punishment assessed within the statutory limits is generally not
excessive.  Jacoby v. State, 227 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d).  We defer to the
legislature’s determination of these statutory ranges.  Id.
at 132.  Here, the trial court assessed three years’ confinement for Webb’s underlying
offense, retaliation against a public servant, and not for violating the terms
of her community supervision.  See Salley v. State, No. 12-07-00854-CR,
2008 WL 3931940, at *3 (Tex. App.—Houston [14th Dist.] Aug. 21, 2008, pet
ref’d) (mem. op., not designated for publication).  Retaliation is a third degree felony with a
statutory punishment range of two to ten years. 
See Tex. Penal Code Ann. § 36.06; see also id. § 12.34 (Vernon Supp. 2010).  Therefore, the trial court assessed
punishment within the statutory range for retaliation.  See
Salley, 2008 WL 3931940, at *3.  We
overrule Webb’s third issue.

 

 

Conclusion

          We affirm the judgment of the trial
court.

 

 

 

 

                                                          Harvey
Brown                                                                                                    Justice 

 

Panel consists of Justices Jennings,
Higley, and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).