Opinion issued October
20, 2011.

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

 

Court of Appeals

 

For The

 

First District of Texas

 

————————————

 

NO. No. 01-10-00748-CR

 

———————————

 

Carl Francis III, Appellant

 

V.

 

The
State of Texas,
Appellee



 



 

On
Appeal from the 56th Judicial District Court 

Galveston County, Texas



Trial Court Case No. 06CR0503

 



 

MEMORANDUM OPINION

Carl Francis III appeals a trial court judgment
revoking his community supervision and adjudicating him guilty of aggravated
sexual assault of a child.  In November
2006, the State charged Francis with aggravated sexual assault of a child.  Pursuant to a plea agreement, Francis pleaded
guilty and the trial court placed him on eight-year deferred adjudication community
supervision.  On November 25, 2009, the
State moved to revoke Francis’s community supervision and adjudicate him
guilty.  The trial court found that
Francis had violated six conditions of his community supervision and assessed
his punishment at ten years’ imprisonment. 
On appeal Francis contends (1) the trial court erred in admitting
evidence from his probation record because it lacked the proper foundation; (2)
the evidence presented at trial is insufficient to support the findings that he
failed to attend the required psychological counseling or submit to a
polygraph; and (3) the court erred in making affirmative findings on grounds
abandoned by the State.  We affirm.   

Background

The terms of Francis’s supervision required him to
make monthly payments totaling $55.00 for community supervision fees, court
costs, and Sexual Assault Program Fund fees. 
Francis was required to perform 360 hours of approved community service
work at a rate of no less than 16 hours per month until completed.  Additionally, Francis was ordered to participate
in individual and group counseling sessions as directed by the attending
therapist and submit to a clinical polygraph at least once every six months or
as directed by a Sex Offender Treatment Provider.  

In its motion to adjudicate Francis’s guilt, the State
alleged that he failed to (1) pay his community supervision fee, (2) pay court
costs, (3) pay the sexual assault program fee, (4) perform 16 hours a month of
community service, (5) participate in psychological counseling for sex
offenders, and (6) submit to a polygraph. 
The State also initially contended that Francis committed the offenses
of Assault and Interference with an Emergency Telephone Call.  However, the State abandoned the allegations
of these two offenses at the start of the hearing.   

Francis’s Probation Officer William Ordaz testified
that as of November 25, 2009, the date the Order Revoking Probation was issued,
Francis was behind in his monthly payments for court costs as well as the
required fees for community supervision and the Sexual Assault Program Fund.  In addition, Ordaz testified that Francis had
only completed a total of 137 hours of community service since he first
reported to Ordaz on December 12, 2006. 
Ordaz stated that if Francis had kept up with the required hours of 16 a
month, he should have already completed the required 360 hours.  Ordaz stated that this figure credited
Francis for the time he was incarcerated and the period he was unable to work
during Hurricane Ike.  Testimony from
Ordaz and Dr. Collier Cole, Francis’s therapist, showed that although Francis
had made up some of his missed counseling sessions as of November 25, 2009, he
still had not made up one of his missed group sessions from the summer.  On cross-examination, Francis admitted that
he had missed the session but stated that he did not know that he needed to
make it up.  According to Dr. Cole,
although Francis had been given
multiple deadlines to complete the polygraph required under his community
supervision, he had failed to do so.  Dr.
Cole testified that Francis was told in September 2008 that he had until the
end of the year to complete a polygraph. 
In January 2009 he was informed he had until the end of April.  After he missed the April deadline he was
given until the end of July 2009 and, most recently, until January 2010.[1] 

The trial court found true all six of the allegations
that Francis violated the terms conditions of his community supervision,
adjudicated him guilty of aggravated sexual assault of a child, and assessed
his punishment at ten years’ imprisonment. 
   

Standard of Review

A community supervision revocation proceeding is neither criminal nor
civil in nature—rather, it is an administrative proceeding.  Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Canseco v. State, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d).  At a revocation
hearing, the State must prove by a preponderance of the evidence that the
defendant has violated a condition of his community supervision.  Rickels
v. State, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006) (quoting Scamardo v. State, 517 S.W.2d 293, 298
(Tex. Crim. App. 1974)); Canseco, 199
S.W.3d at 438. 

Our review of
an order adjudicating guilt and revoking community supervision is limited to
determining whether the trial court abused its discretion in ruling that the
defendant violated the terms of his community supervision.  Rickels,
202 S.W.3d at 763 (quoting Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)); Duncan v. State, 321 S.W.3d 53, 56–57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d).
 We examine the evidence in the light most
favorable to the trial court’s order.  Duncan, 321 S.W.3d at 57; Canseco, 199 S.W.3d at 439.

Admissibility of Probation File
Discussion

Francis contends that the
trial court erred in admitting his entire probation file because the proper
foundation for the negative evidence hearsay inside of the file had not been
laid.  Francis claims that because Ordaz
testified as to what was not in the probation file as evidence of lack of
compliance and did so without laying the proper foundation for negative
evidence, the probation file and Ordaz’s testimony are inadmissible
hearsay.  Francis further contends that
the file and Ordaz’s testimony are the only evidence of his failure to complete
his required 16 hours a month of community service and pay necessary community
supervision fees, therefore, the affirmative findings by the trial court
concerning these two allegations should be vacated.  

On appeal, Francis contends that the State never established
the necessary predicate for admitting the “negative evidence” in the file under
Rule 803(7).  To preserve error for appellate
review, the party must make a timely request, objection, or motion to the trial
court that “state[s] the grounds for the ruling . . .  sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context.” Tex.
R. App. P. 33.1(a)(1)(A).  The
record shows that Francis did not object to the admission of the records
themselves as hearsay or otherwise.  In fact, Francis’s counsel affirmatively
stated that he had no objections to the admission of the probation file.  Because Francis did not object to the
admission of the file he has not preserved the issue for our review.  Tex. R.
App. P. 33.1(a)(1)(A); see Moore v. State, 935 S.W.2d 124, 130
(Tex. Crim. App. 1996) (objection to admission of probation file not preserved
when appellant failed to timely object at trial). [2]

We overrule Francis’s
first issue.  

Sufficiency of the evidence

In his second issue, Francis contends that there is insufficient
evidence to support the findings that he failed to participate in psychological
counseling sessions for sex offenders and that he failed to submit to a
polygraph as directed by the Sex Offender Treatment Provider.

In a revocation proceeding, the State must prove by a preponderance
of the evidence that a defendant has violated a condition of his community
supervision. Rickels v. State, 202
S.W.3d 759, 763-64 (Tex. Crim. App. 2006).  Showing “a single violation is sufficient to
support a revocation.”  Canseco v. State, 199 S.W.3d 437, 439
(Tex. App.—Houston [1st Dist.]
2006, pet. ref’d).  We review a trial
court’s determination to revoke community supervision for an abuse of
discretion and view the evidence in the light most favorable to the trial
court’s decision.  Id.  “The trial court is the
exclusive judge of the credibility of the witnesses and [it] must determine
whether the allegations in the motion to revoke are sufficiently demonstrated.”
 Id.

Francis contends the
evidence is insufficient to support two of the six grounds for revocation of
community supervision found true at trial. 
He does not claim the evidence was insufficient to establish the other
four grounds for revocation: the trial court’s findings that he failed to pay
probation fees, failed to pay court costs, failed to pay sex offender fees, and
failed to perform the required community service.  Francis’s only challenge to these grounds was
the challenge to the admission of his community supervision file, which we have
overruled.  Any
one instance in which an appellant fails to abide by the conditions imposed on
him is sufficient to support the trial court’s conclusion that appellant
violated the terms of his deferred adjudication community supervision.  See
Greer v. State, 999 S.W.2d 484, 490 (Tex. App.—Houston [14th Dist.]
1999, pet. ref’d).  Because we have overruled Francis’s sole
challenge to these four other grounds, we need not also address the sufficiency
of the evidence to support revocation based on failure to attend counseling or
submit to a polygraph.  See
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)
(explaining that single ground supporting trial court’s action ends inquiry
into appellant’s challenge); Canseco
v. State, 199 S.W.3d 437, 439 (Tex. App.—Houston
[1st Dist.] 2006, pet. ref’d).

We
overrule Francis’s second issue.

Abandonment of Condition

In his
third issue, Francis contends that the trial court made affirmative findings on
grounds the State abandoned at the revocation hearing.  Specifically Francis claims the trial court
erred in finding true condition 1, which asserted that Francis committed the
offenses of "Assault Causes Bodily Injury, Family Violence” and
“Interference with an Emergency Telephone Call.”  

Citing
Texas Rule of Appellate Procedure 43.2(b), Francis requests that we reform the
judgment to reflect the State’s abandonment of the issue by modifying the trial
court’s finding of true to this issue.  See Tex.
R. App. P. 43.2(b).  The State
denies that the finding of true of condition 1 was made by the trial
court.  We agree that the record does not
reflect an affirmative finding of condition 1. 


During the
punishment phase, the trial judge stated “[Francis] pled not true to all of the
allegations.  The State abandoned the
first allegation; however, after hearing some testimony on this it’s the
Court’s finding that all of the allegations are true.”  Although Francis contends that in this
statement the trial court found condition 1 true, the State had already
abandoned the condition at the start of the hearing and it was therefore not at
issue during the hearing.  In addition,
the judgment does not reflect that the court found condition 1 true.  The Judgment Adjudicating Guilt accurately
states that the State abandoned condition 1, that Francis pleaded not true to
conditions “12, 13, 17A, 31, 36, 55”, and that the “Court Found True to Motion
to Adjudicate to 12, 13, 17A, 31, 36, 55.” 
The judgment shows that the court only made findings on these conditions
and did not make a finding on condition 1. 


Because the
State abandoned condition 1 and the judgment reflects this, the judgment does
not need modification.  We overrule Francis’s
third issue.   

 

Conclusion

We affirm the decision of the trial court.   

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do not
publish.   Tex. R. App. P. 47.2(b). 

 

 











[1]           Ordaz’s
testimony implies the deadline was December 2009 and Collier testified it 

was January
2010 but both dates were after the motion to adjudicate was filed.    





[2]           Francis
admits some of the file was properly admitted under the business records 

exception.  When the trial court is presented with a
proffer of evidence that contains both admissible and inadmissible evidence,
the trial court, in the absence of a specific objection to the allegedly
inadmissible evidence, may properly admit the entire proffer.  See Willover v. State, 70 S.W.3d 841, 847 (Tex.
Crim. App. 2002) (quoting Jones v. State, 843 S.W.2d 487, 492–93 (Tex. Crim. App. 1992)).